Fernold vs. Speer.

3me459
113  529

CASE 18—PETITION EQUITY—NOVEMBER 13.

# Fernold vs. Speer.

### APPEAL FROM KENTON CIRCUIT COURT.

Before a judgment can be rendered against a defendant served with a summons in a different county from that in which the action was brought, some disposition should be made of the action as to the defendants served with the summons in the county in which it was brought; and if it appears from the petition that no cause of action is set forth against such defendants, it will be erroneous to render judgment against the defendant served with the summons in a different county. ( *Civil Code, section* 108.)

Where, in an action by the assignee of a claim not assignable by statute, the assignor is made a defendant, and served with process in the county in which the action is brought; this does not authorize judgment against the debtor, served in another county, unless the plaintiff show himself entitled to a recovery against such assignor.

Fernold vs. Speer.

See opinion for a case in which an order overruling an application for a new trial is held not a final judgment, and an appeal therefrom dismissed for want of jurisdiction.

MENZIES & PRYOR, for appellant, cited *Civil Code, secs.* 108, 31.

STEVENSON & MYERS, for appellee, cited 15 *B. Mon.*, 630; 18 *Ib.*, 59; *Civil Code, secs.* 153, 361, 363, 364, 369, 371, 579, 581, 14; 2 *Graham & Waterman on New Trials*, 146, 147; 3 *Ib., page* 1487 *to* 1525, 1483; 2 *Bibb*, 177; 6 *Mon.*, 249; 3 *Marsh.*, 81; 11 *B. Mon.*, 219; *Marshall vs. Depuy, MS. opin., January*, 1858; 2 *Bibb*, 326; 4 *Bibb*, 413; 2 *J. J. Mar.*, 1; 4 *Bibb*, 348; 1 *J. J. Mar.*, 470.

JUDGE PETERS DELIVERED THE OPINION OF THE COURT:

The appellee, Speer, brought an action in the Kenton circuit court against the appellant and Hurin and Wilson, alleging that the two last named individuals were indebted to him in considerable sums, for which he had recovered judgments in a court of competent jurisdiction; that, in part satisfaction of said judgments, Hurin and Wilson had assigned him claims upon the appellant amounting, in the aggregate, to the sum of $1,057 65, and for which he asked a judgment against *appellant*.

A summons was executed upon Hurin and Wilson in the county of Kenton, and appellant was served with process in the county of Pendleton.

Appellant failed to appear, or make any defense to the action, and, on the 2d of January, 1861, the cause was submitted. On the 14th of the same month the order of submission was set aside, the appellee filed an amended petition, and on the same day the cause was again submitted. In the amended petition the appellee set out specifically the amount due him, the period from which interest should be computed, and filed with it a bill of particulars; and, on the 16th of January, 1861, a judgment was rendered in his favor against appellant for the sum of $1,057 65, with interest from the 1st of June, 1860, until paid, and his costs.

On the 9th of April, 1861, appellant filed his petition with injunction asking that a new trial might be granted him, for the reasons set forth in said petition. On the 12th of April,

1861, the motion for a new trial was overruled; and from the judgment of the 16th of January, 1861, and the order overruling his motion for a new trial he appealed.

The first question for our determination is, was the service of the summons upon appellant, in the county of Pendleton, sufficient to authorize the judgment rendered in January, 1861.

*Section* 108, *Civil Code*, provides, "that where any action, embraced in *section* 106, is against several defendants, the plaintiff shall not be entitled to a judgment against any of them, on the service of a summons in any other county than that in which the action is brought, where no one of the defendants is summoned in that county, or resided therein at the commencement of the action, or where, if any of them resided or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor; unless the defendant summoned in another county, having appeared in the action, failed to object, before judgment, to its proceeding against him."

Appellant, as already stated, did not appear to the action in the court below; so that his failure to object to the jurisdiction of that court cannot operate to his prejudice here.

If the action had been dismissed or discontinued as to Hurin and Wilson, or if a judgment had been rendered in their favor, then the case would have been within the *very letter* of the section, *supra*, and the judgment unquestionably would have been erroneous.

Appellee did not state facts, in either his original or amended petition, sufficient to constitute a cause of action against Hurin and Wilson. According to his own allegations he had already recovered judgments against them for the amount they owed him; his action was not brought upon said judgments, or upon his original demands against them, and he did not ask for any judgment against them. Did not, then, the rendition of the judgment against appellant operate as a discontinuance of the action as to the other defendants?

But, waiving the decision of that question for the present, it seems to us that a fair and rational interpretation of the sec-

tion, *supra*, requires, that before a judgment could be rendered against a defendant served with the summons in a different county from that in which the action was brought, some disposition should be made of the action as to the defendants served with the summons in the county in which it was brought; and, if it appears from the petition that no cause of action is set forth against such defendants, it would be erroneous to render judgment against a defendant served with the summons in a different county.

Any other construction of that section, (as may easily be imagined,) might be made to operate most injuriously and oppressively.

But it is contended that, by *section* 31, *Civil Code*, appellee was required to make his assignors parties to his action, either as plaintiffs or defendants, and having elected to make them defendants, as he had a right to do, and having had the summons, served upon them in the county of Kenton, the circuit court of that county thereby acquired jurisdiction to render judgment against any party, no difference where served with a summons on whom he might have a claim.

If he had made his assignors co-plaintiffs with himself, it is most manifest that the Kenton circuit court would have had no jurisdiction to have rendered said judgment. Even if it would not have been the most appropriate to have joined them as co-plaintiffs with himself, by doing so he certainly would have complied with the requirement of the *section, supra*. But, if he made them defendants, that was not sufficient to authorize a judgment against appellant, unless he showed he was entitled to a recovery against one of the defendants served with process in Kenton county.

Wherefore, the judgment rendered at the December term, 1860, against appellant, is *reversed*, and the cause remanded, with directions to set aside said judgment, and for further proceedings consistent herewith. The order of April, 1861, merely overruling appellant's application for a new trial, is not a final judgment, and the appeal therefrom is dismissed for the want of jurisdiction.