STATE *vs.* JOHN SMITH.

MAY 5, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)    *Bills of Exceptions.    Final Decision in Cause Heard by Court without a Jury.*

A bill of exceptions, which was not filed within seven days after the denial of a motion in arrest of judgment, but which was filed within seven days after

notice of such decision, is properly filed in compliance with provisions of C. P. A., § 483, relating to "the final decision in a cause heard by the court without a jury."

(2)    *Bills of Exceptions.   Motions to Quash.   Arrest of Judgment.*

Defendant moved to quash a complaint, which was denied, and after verdict moved in arrest of judgment on the same grounds, which was denied, and defendant filed bill of exceptions:—

*Held,* that, as the motion in arrest raised no jurisdictional question, it was properly denied.

Exception will lie to a denial of a motion to quash.

C. P. A., § 301, "No motion in arrest of judgment shall be made except for want of jurisdiction," diminished the scope of this motion, the effect being that objections other than jurisdictional ones must be presented to the court by special plea, motion, or demurrer before the defendant shall plead "not guilty" in the case, and giving the defendant the right to take exception to the decision of the court in overruling pleas, motions, and demurrers for matters not jurisdictional which can no longer be brought to the Supreme Court by motion in arrest of judgment.

(3)    *Criminal Complaints.   Jurisdiction.   Criminal Pleading.*

An objection that a complaint does not charge any offence with sufficient clearness or exactness, in effect charges a non-compliance with the requirements of the constitution, article I, section 10, "In all criminal prosecutions the accused shall enjoy the right  .  .  .  to be informed of the nature and cause of the accusation," but the jurisdiction of the court does not depend upon the sufficiency of the complaint.   If the court has jurisdiction of the parties and of the subject-matter, it is enough; and if the law confers the power to render a judgment or decree, then the court has jurisdiction.

(4)    *Automobile Law.   Criminal Pleading.*

*Semble:* Pub. Laws, cap. 1592, § 12, passed May 26, 1908, provides that "Every driver of a motor vehicle, after knowingly causing an accident by collision or otherwise, or knowingly injuring any person, horse, or vehicle, shall forthwith bring his motor vehicle to a full stop, return to the scene of the accident, and give to any proper person, demanding the same, the number of his driver's license, the registration number of the motor vehicle, and the names and residences of each and every male occupant of said motor vehicle."

A criminal complaint under said section charged that defendant "did not forthwith bring said motor vehicle to a full stop or return to said scene of said accident":—

*Held,* that negative averments should be charged disjunctively, and the word "*or*" was properly used in the complaint.

*Held,* further, that the complaint was not insufficient, in charging only that defendant did not bring the motor vehicle to a full stop or return to the scene of the accident; since, by failing to return, defendant prevented compliance with the remaining requirements of the statute.

CRIMINAL COMPLAINT. Heard on exceptions of defendant, and overruled.

DUBOIS, C. J. This is a criminal complaint charging that the defendant, at Westerly, on the first day of August, 1908, "being then and there the driver of a certain motor vehicle on a certain highway in the said town of Westerly, known as the Watch Hill Road, did not, after knowingly causing an accident by collision with a horse and team on said highway driven by one Frank Collins forthwith bring said motor vehicle to a full stop, or return to said scene of said accident, but then and there, voluntarily and without excuse drove said motor vehicle away from said scene of said accident, with great speed, against the Statute and the peace and dignity of the State."

Upon the defendant's plea of *nolo contendere* in the District Court of the Third Judicial District, he was adjudged guilty and sentenced, from which sentence he took an appeal to the Superior Court and therein filed his motion to quash said complaint, which motion reads as follows:

"The Respondent moves that said complaint be quashed, and for grounds therefor alleges,—

"1,—that said complaint is bad for duplicity in this that it charges that the Respondent did not forthwith bring said motor vehicle to a full stop, or return to said scene of said accident.

"2,—Said complaint does not charge with sufficient clearness or exactness any offence or crime known to the law.

"3,—said complaint does not charge any offence or crime with sufficient clearness and directness to notify the defendant specifically for what he is to be tried.

"4,—said complaint does not charge any offence within the rules of criminal pleading."

The Superior Court overruled the same, and the defendant thereupon took an exception to such ruling and pleaded not guilty to said complaint, and upon trial by jury was found guilty of the offence complained of; whereupon he filed the following motion in arrest of judgment, which was denied December 29, 1908:

"The above complaint was tried before Mr. Justice Mumford and a jury on the 30th day of September, 1908, and the jury found the Respondent guilty as charged and returned a verdict accordingly;

"and now within seven days after said verdict comes the Respondent and moves the Court to arrest judgment on said complaint and for grounds therefor alleges,—

"1,—That said complaint is bad for duplicity in this, that it charges that the Respondent did not forthwith bring said motor vehicle to a full stop, or return to said scene of said accident.

"2,—Said complaint does not charge with sufficient clearness or exactness any offence or crime known to the law.

"3,—Said complaint does not charge any offence or crime with sufficient clearness and directness to notify the defendant specifically for what he is to be tried.

"4,—Said complaint does not charge any offence within the rules of criminal pleading.

"5,—The facts stated in said complaint do not constitute an offence against the laws of this State."

The first four grounds aforesaid are identical with those contained in his motion to quash, hereinbefore set forth, while the fifth ground thereof is merely an amplification of the second specification.

The defendant does not prosecute his exception to the decision of the court overruling his motion to quash, but he did file the following bill of exceptions on the sixth day of January, 1909:

"And now, after the defendant's motion in arrest of judgment has been denied, and within seven days after notice of said decision, comes the defendant, and hereby excepts to said decision; and hereby files the following bill of exceptions,—

"1,—that said decision is against the law in the following particulars,—

"a,—that said complaint is bad for duplicity in this, that it charges that the respondent did not forthwith bring said motor vehicle to a full stop *or* return to said scene of said accident,

"b,—said complaint does not charge with sufficient clearness or exactness any offence or crime known to the law.

"c,—said complaint does not charge any offence or crime with sufficient clearness and directness to notify the defendant specifically for what he is to be tried."

This bill of exceptions was never allowed by the Superior Court, and on the fourth day of February, 1909, the defendant filed his petition to establish the truth of the exceptions, as follows:

"To the Honorable Supreme Court of the State of Rhode Island and Providence Plantations.

"Respectfully represents John Smith, alias, commorant of Westerly, in the county of Washington in said State.

"1,—that he is the respondent in a criminal complaint known as Criminal Complaint No. 108, Cornelius Bransfield, complainant against John Smith, alias, now pending in the Superior Court within and for said county of Washington;

"2,—that said complaint was tried before Mr. Justice Mumford and a jury, and the jury returned a verdict that the defendant was guilty of the offence charged;

"3,—that within seven days after said verdict said respondent duly filed in the office of said clerk of the Superior Court a motion in arrest of judgment in said case; which motion for arrest was subsequently denied by Mr. Justice Mumford;

"4,—that within seven days after receiving notice of said decision denying said motion in arrest of judgment, said respondent filed exception thereto, and a bill of exceptions, in the office of said clerk of said Superior Court;

"5,—that within twenty days after the filing of said bill of exceptions said Mr. Justice Mumford failed to act upon the same, by allowing, disallowing, altering or refusing to alter the same;

"6,—and now, within thirty days after the filing of said bill of exceptions in the office of the clerk of the Superior Court, comes the respondent, and being aggrieved by the failure to act upon said bill of exceptions, hereby petitions this Supreme Court that the truth of said bill of exceptions may be established

before said Court, and that they may be heard, and the same proceedings taken, as if they had been duly allowed by Mr. Justice Mumford.

"And that this Court may order the Clerk of said Superior Court to certify said bill of exceptions to the clerk of this Court.

"JOHN SMITH by

"JOHN W. SWEENEY, his Atty."

The petition was duly verified by affidavit and the case was heard, and is pending before this court upon said petition and bill of exceptions.

(1)    The complainant moved to dismiss said petition upon the ground that the bill of exceptions was not filed within seven days after the denial of the motion in arrest of judgment. It appeared, however, that the bill was filed within seven days after notice of such decision. This was a compliance with the provisions of C. P. A., § 483, relating "to the final decision in a cause heard by the court without a jury." The bill of exceptions having been duly filed, but not allowed by the court, the defendant's petition to establish the truth of the same, having been seasonably made and prosecuted, is granted, and the truth of the exceptions, accordingly, is established. The complainant, however, raises the following objection thereto: "The bill of exceptions in this case relies only upon the denial of the motion in arrest of judgment, and the questions of law raised thereby. The same questions were raised by a motion to quash, filed and overruled, before trial to the jury. The exception noted thereon is not taken to this Court, and therefore that decision has become *res adjudicata.*"

(2)    It is true that the exception to the ruling of the Superior Court overruling the defendant's motion to quash has not been prosecuted before this court, and that, therefore, the ruling of the Superior Court upon that matter can not now be called in question. "In ordinary circumstances, and according to what is believed to be the more common practice in our States, the decision of the presiding judge on this motion is not open for revisal by a higher court. But in some States, in some circumstances, and in some conditions of the statutory law, it is."

Bish. Cr. Prac. § 761; *State* v. *McCarty*, 4 R. I. 82. If it was addressed to the discretion of the court, exception to the ruling of the court thereon did not lie. "A motion to quash an indictment is ordinarily addressed to the discretion of the court, the accused not being entitled to demand a quashal as a matter of right. A refusal to grant the motion is for this reason not usually assignable as error, although in some States, the motion being regarded as in the nature of a general demurrer, it is held that the action thereon may be reviewed, although resting in the sound discretion of the trial court." 22 Cyc. 413, 2.

"Ordinarily any defect which is fatal on demurrer is also fatal upon motion in arrest of judgment." *State* v. *Doyle*, 11 R. I. 576. And it was formerly the practice not to demur, but to proceed to trial, and after verdict of guilty to move in arrest of judgment. This continued to be the custom up to the time of the passage of the Court and Practice Act, when the scope of its operation was diminished by section 301, which contains the following provision: "No motion in arrest of judgment shall be made except for want of jurisdiction." The effect of this provision is to require that objections other than jurisdictional ones shall be presented to the court by special plea, motion or demurrer, before the defendant shall plead not guilty in the case. The statute also has the effect of giving to a defendant the right to take exception to the decision of the court in overruling pleas, motions, and demurrers, for matters not jurisdictional which can no longer be brought to the attention of the Supreme Court by means of a motion in arrest of judgment. So that an exception will lie to a denial of a motion to quash.

In construing a similar statute in *Commonwealth* v. *Mc-Govern*, 10 Allen, 194, Gray, J., expressed the opinion of the court, as follows: "At common law, it was certainly within the discretion of the judge presiding at a criminal trial, either to quash a defective indictment on motion, or to leave the defendant to demur to the indictment, or move in arrest of judgment. 2 Hawk. c. 25, § 146. *Rex* v. *Wheatly*, 2 Burr. 1127. *Commonwealth* v. *Gould*, 12 Gray, 173, and cases cited. *State* v. *Putnam*, 38 Maine, 297. But a demurrer to the indict-

ment confesses the facts charged, and if it is overruled, judgment is to be rendered and sentence awarded against the defendant, at least in cases of misdemeanors, unless the court before which the trial is had sees fit to allow him to withdraw his demurrer and plead to the indictment. ⸱ 2 Hawk. c. 31, §§ 5–7. 2 Gabbett Crim. L. 325, 326. *Evans* v. *Commonwealth*, 3 Met. 456, 457. *People* v. *Taylor*, 3 Denio, 98. *State* v. *Merrill*, 37 Maine, 333. *Regina* v. *Faderman*, 4 Cox C. C. 359. The usual manner, therefore, of raising objections to the sufficiency of an indictment, before the St. of 1864, c. 250, took effect, was by motion in arrest of judgment after conviction by the jury; and to the overruling of such a motion exceptions would lie.

"But that statute peremptorily requires that any objection to an indictment for a formal defect apparent upon its face shall be taken by demurrer or motion to quash, and not by motion in arrest of judgment, unless for a cause affecting the jurisdiction of the court. St. 1864, c. 250, §§ 2, 3. It therefore is no longer within the discretion of the court to refuse to hear a legal objection upon a motion to quash; and if heard, it must be decided according to fixed rules of law. Upon the construction for which the attorney general contends, the defendant could not escape from an erroneous ruling against him in matter of law by the court below, without abandoning all defence on the facts; for if he should raise a legal objection by motion to quash, it is said that no exception would lie; and if he should raise it by demurrer, he would have no right to plead over without leave of the judge. The Declaration of Rights requires that no subject shall be held to answer for any crime or offence, until the same is fully and plainly, substantially, and formally, described to him; and we can not infer that the legislature, by this statute, which is entitled 'an act to promote public justice in criminal cases,' intended to oblige the accused either to leave the question whether this requirement of the Constitution has been complied with to the sudden and final determination of a single judge in the course of the trial, or else to waive his right of trial by jury. The manifest purpose of this statute was to require formal objections to be

taken before putting the Commonwealth to the trouble and expense of a trial on the facts, not to embarrass or take away the right of the defendant to obtain the opinion of the highest court upon any such objection.

"The questions raised by the motion to quash the indictment are therefore before us for decision."

The statute requires us to search the motion in arrest of judgment for jurisdictional questions. In the one under consideration there is no allegation that the court lacked jurisdiction.

(3) The first cause specified is that the complaint is bad for duplicity, which is good ground for demurrer, but insufficient on motion in arrest of judgment. The third, fourth, and fifth reasons are but repetitions in varied phraseology of the second ground—that the complaint does not charge any offence or crime with sufficient clearness or exactness. These reasons in effect charge a non-compliance with the requirements of the constitution, article I, section 10: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." This constitutional, as well as common-law right, as was said by this court in *State* v. *Doyle*, 11 R. I. 576, ought to be carefully guarded and maintained. But the question here is not simply one of protection and security. It is a question of classification and definition. Does either the second, third, fourth, or fifth ground of the motion in arrest of judgment allege a cause affecting the jurisdiction of the District Court in which the complaint originated, or of the Superior Court wherein said motion was filed? "The word 'jurisdiction' (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action upon the subject-matter, from finding the indictment to pronouncing the sentence. . . . To have jurisdiction is to have power to inquire into the fact, to apply the law, and to declare the punishment, in a regular course of judicial proceeding." Shaw, C. J., in *Hopkins* v. *The Commonwealth*, 3 Met. 462. "Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much. It is derived from *juris* and *dico*.

I speak by the law. And that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws by the means which the law has provided for that purpose." *Mills* v. *The Commonwealth*, 13 Pa. St. 627, 630. But jurisdiction does not depend upon the sufficiency of the complaint. If the court has jurisdiction of the parties and of the subject-matter, that is enough.

In the case of *O'Brien* v. *People*, 216 Ill. 354 (1905)—see also 3 Am. & Eng. Ann. Cas. 969—this subject received the following consideration, per Wilkin, J.: "The chief argument against the jurisdiction of the court is that the allegations of the bill of complaint are not sufficient to sustain the prayer of the bill and do not set out specific facts which would give the court jurisdiction—in other words, that the bill would have been obnoxious to a demurrer. It is well settled that jurisdiction does not depend upon the sufficiency of the bill. If the court has jurisdiction of the subject-matter and of the parties nothing further is required. The cause of action may be defectively stated, but that does not destroy jurisdiction. A bill may state conclusions, but if not demurred to and the evidence supports a decree conforming to the general allegations of the bill and the decree is within the power of the court to render, the court has jurisdiction. Jurisdiction is the power to hear and determine the subject-matter in controversy between the parties to a suit. If the law confers the power to render a judgment or decree, then the court has jurisdiction. (*Rhode Island* v. *Massachusetts*, 12 Pet. (U. S.) 657; *U. S.* v. *Arredondo*, 6 Pet. (U. S.) 709; *Grignon* v. *Astor*, 2 How. (U. S.) 338; *Applegate* v. *Lexington, etc., Min. Co.*, 117 U. S. 267.) Jurisdiction of the particular matter does not mean simple jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs. (*State* v. *Wolever*, 127 Ind. 306; *Jackson* v. *Smith*, 120 Ind. 520; *Fields* v. *Maloney*, 78 Mo. 172; *Dowdy* v. *Wamble*, 110 Mo. 280.) Whether a complaint does or does not state a cause of action is, so far as concerns the question of jurisdiction, of no importance, for if it states a

case belonging to a general class over which the authority of the court extends, then jurisdiction attaches, and the court has power to decide whether the pleading is good or bad. (I Elliott's Gen. Practice, § 230; *Hunt* v. *Hunt*, 72 N. Y. 217; *Winningham* v. *Trueblood*, 149 Mo. 572.)"

The motion in arrest of judgment was, therefore, rightly overruled.

(4)    But even if we should treat the case as if the questions raised by the motion to quash were properly before us, we find no merit in the objections. The complaint was brought under Pub. Laws, cap. 1592, § 12, passed May 26, 1908, whereof the portion material to this consideration reads as follows: "Every driver of a motor vehicle, after knowingly causing an accident by collision or otherwise, or knowingly injuring any person, horse, or vehicle, shall forthwith bring his motor vehicle to a full stop, return to the scene of the accident, and give to any proper person, demanding the same, the number of his driver's license, the registration number of the motor vehicle, and the names and residences of each and every male occupant of said motor vehicle." The chief requirements of the above-quoted statute are that, after knowingly causing an accident or inflicting an injury, the driver of a motor vehicle shall forthwith bring the vehicle to a full stop, return to the scene of the accident, and on demand give certain information. Disobedience of any of said requirements is made punishable as a misdemeanor. The important duty is to return to the scene of the accident, not out of motives of humanity for the purpose of rendering first aid to the injured, but to give information if required. It is obvious that if a driver of a motor vehicle does not so return the purpose of the statute has been frustrated. The legislative intention seems to be that the driver shall either get out and go back or that he shall at once return with his machine to the place of collision. In whichever way the driver should attempt to obey the law, it is hardly likely that fault would be found with the manner of his obedience.

The charge in this case is not imperfect obedience. The defendant is charged in the complaint, as hereinbefore set

forth, with disobedience of the statute in that he did not stop or return, as therein required.

The defendant, in support of his objections to the complaint, argues as follows: "That said complaint is bad for duplicity in this, that it charges that the Respondent did not forthwith bring said motor vehicle to a full stop, *or* return to said scene of said accident. The pleader may use the word *and* when the word *or* is used in the statute. 1 Bish. Crim. Procd. Sec. 436. Whenever the word *or* would leave the averment uncertain as to which of two or more things is meant it is inadmissible. *Ibid.* Sec. 585. The charge, murdered or caused to be murdered, murdered or caused to be wounded, passed or attempted to pass, erected or caused to be erected, is void for uncertainty. *Ibid.* Sec. 484. In the case of *State against Colwell*, 3 R. I. 284, this position is sustained. See also *State v. Nolan*, 15 R. I. 529; *State v. Murphy*, 17 R. I. 698, where the use of the word *and* for *or* is discussed. An information charging that the defendant did unlawfully carry knuckles on or about his person is fatally defective as charging several things disjunctively; under the rule that where a statute makes it a crime to do several things stated disjunctively the information, though it may embrace the same in a single count, must use the conjunction *and* where the word *or* occurs in the Statute. *Countryman vs. State*, 105 S. W. Rep. 181."

It is true that usually the pleader may use the word *and* when the word *or* is used in the statute. But it is worthy of consideration that statutes commonly forbid the commission of specified acts. From time immemorial the phrase, *thou shalt not*, has been held to contain apt words of prohibition. But the statute in question differs from prohibitory ones in that it commands that certain things shall be done and provides a penalty for the non-performance thereof. Consequently a complaint brought thereunder must charge a defendant with inaction where action is commanded.

The reason that the use of the word *or* is inadmissible in complaints charging a defendant with the violation of prohibitory statutes is because it tends to leave the averment uncertain as to which of two or more things charged is meant;

as for instance, to charge that the defendant did sell or suffer to be sold anything prohibited leaves a doubt in the mind of the reader as to which, offence is intended; whereas if the charge is that the defendant did sell and suffer to be sold the forbidden things, it is certain that he is charged with both selling and suffering the same to be sold. Therefore certainty is the prime requisite. But in a complaint charging the violation of a statute, in which action is commanded, the use of the conjunctive word *and* instead of the disjunctive *or* would not make the allegation more certain.

Suppose, for example, the requirement of a statute to be that certain persons shall sell or suffer to be sold certain merchandise, and that in a complaint made for the violation of the same the charge against the defendant to be that he did not sell and suffer to be sold the things commanded. In such a case the charge would be indefinite because a charge that the defendant did not do both would not rebut the inference that he may have done one or the other, which would be a compliance with the statute. Whereas if the charge were that he did not sell or·suffer to be sold, it would directly, and in terms, negative the doing of either. Therefore negative averments should be charged disjunctively. · The word *or* is a proper connective in pleading negative averments. Bish. Direc. & Forms, § 420, n. 10; *State* v. *Carver*, 12 R. I. 286; Bish. Stat. Cr. § 1043. The word *or* was properly used in the complaint in the case at bar.

The defendant further argues, in support of his other objections, in manner following: "The remaining four grounds will be considered together as they relate to the insufficiency of the complaint in stating the offense clearly, exactly or fully. The last ten lines of section 12 of Chapter 1592 of the Public Laws, provide that 'Every driver of a motor vehicle, after knowingly causing an accident by collision or otherwise, or knowingly injuring any person, horse, or vehicle, shall forthwith bring his motor vehicle to a full stop, return to the scene of the accident, and give to any proper person, demanding the same, the number of his driver's license, the registration number of the motor vehicle, and the names and residences of

·each and every male occupant of said motor vehicle.' The ·essential parts of this provision of the law (all contained in ·one sentence), are to bring the motor vehicle to a full stop; return to the scene of the accident; give the number of the ·driver's license, registration number of the motor vehicle, .names and residences of each and every male occupant of the motor vehicle. The complaint only states that the respondent did not bring the motor vehicle to a full stop or return to the ;scene of the accident. It does not charge any of the other and remaining ingredients of the offence. The indictment must .allege every fact and modification of fact legally essential to the punishment to be inflicted. 1 Bish. Cr. Pr. sec. 81. All the ingredients which enter into the offence whether set down in the statute in terms or interpreted into it must be stated. *Ibid.* sec. 612. Statutory words essential in the description ·of the offence can not be omitted. *Ibid,* sec. 618. The general rule is that the charge must be so laid in the indictment as to bring the case precisely within the description of the offence ·as given in the statute, alleging distinctly all the essential requisites that constitute it: 22 Cyc. 335. The offence must not be mis-described or anything essential to its description ·omitted. *Chapman* v. *People,* 39 Mich. 357. All of the elements or facts necessary to the crime must be averred and ·clearly set out. *State* v. *Verrill,* 54 Me. 408. Words which denote an integral part of the offence if omitted can not be ;supplied by intendment. Every fact necessary to constitute a crime must be directly and positively alleged. Nothing can be charged by implication or intendment, nor is it sufficient to ·charge any material matter by way of argument, conclusion or recital. 22 Cyc. 292, 293."

These objections are not well founded. As we have already stated, if the driver of a motor vehicle, after knowingly causing an accident, etc., fails to return to the scene of the accident, he puts it out of the power of any person there to demand of him the numbers, names, and residences referred to in the statute. If he is not there he can not be interrogated. If he can not be examined there, he can not give the information there. If he absconds, it follows that he can not give the

required answers at the place of the accident. He is commanded to do it in person, on demand. If he had returned to the scene of the accident, and no one had demanded the numbers, names, and residences, he would not have been obliged to volunteer such information—it is only after demand that the statute requires him to make answer. The complaint is free from the objections urged against it by the defendant.

The defendant's exceptions are overruled, and the case is remitted to the Superior Court for sentence.

*Albert B. Crafts* and *Harry P. Cross, Asst. Attorney General,* for State.

*John W. Sweeney,* for defendant.