### STATE *vs.* PAUL K. SHEA.

AUGUST 2, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This case is before us on defendant's bill of exceptions brought after his conviction by a jury of a violation of the provisions of general laws 1938, chapter 88, entitled "Rules Of The Road, Right Of Way And Requirements Promotive Of Safety And Comfort Of Others," as amended by public laws 1941, chap. 1006, sec. 2. This statute requires that "Every driver of a motor vehicle, after knowingly causing an accident by collision or otherwise, or knowingly injuring any person, horse or vehicle or property shall forthwith bring his motor vehicle to a full stop, return to the place of the accident and give to any proper officer or person interested demanding the same, the number of his driver's license, the register number of the motor vehicle driven by him and the names and addresses of each and every occupant of such motor vehicle * * *."

The exceptions relied on are to the refusal of the trial justice to give to the jury certain instructions in the language requested by defendant, to certain evidentiary rulings made during the trial, and to the denial of his motion to reopen the case and to present rebuttal testimony. His other exceptions including those relating to the refusal of the court to direct a verdict in his favor and to the denial of his motion for a new trial are neither briefed nor argued and therefore are deemed to be waived.

The undisputed testimony shows that on January 8, 1949 at about 6:55 p.m. defendant, driving a Buick automobile, was involved in a collision, near the intersection of Waverly and Sorrento streets in the city of Providence, with an Oldsmobile automobile operated by Louis A. D'Andrea, in which a passenger in the latter automobile was injured. The state contended and presented evidence to show that defendant did not return to the scene of the accident and give to any proper officer or other person interested the information required by statute, nor give any opportunity to such person or persons to demand that information. D'Andrea testified that the passenger in his car was bumped on her head in the course of the crash, landed on top of him and "passed out." After he revived her, which took only a few minutes, he walked to defendant's car, did not see defendant, and remained at the scene for about three quarters of an hour, inquiring all the while, but was unable to determine who was driving the Buick at the time of the accident. In the meantime no one from that car had come to his car to make inquiries or to give him any information concerning the operator or owner of the Buick.

Two police officers, who arrived at the scene of the accident shortly after its occurrence, testified as to their unsuccessful efforts to locate the operator of the Buick or to ascertain his identity. One of them finally ordered a tow car to lift up that automobile and drive it to the police yard. Although the police ascertained that same evening that the Buick was registered to defendant, they did not learn definitely until March 17, 1949, more than two months after the accident, that he was its operator on the evening of the collision. Police efforts to locate him in the meantime had proved futile.

On March 17, 1949 defendant appeared at the central station of the Providence police department accompanied by his counsel. Captain Joseph L. Burns, director of traffic, testified that defendant on advice of his counsel refused to talk with him. However, Ralph H. Whitman, an investiga-

tor for the motor vehicle division of the state of Rhode Island, testified that he talked with defendant on that day and the latter admitted that at the time of the accident he was the owner and driver of the Buick automobile.

The defendant did not take the stand, but presented two witnesses in his behalf, namely, his brother-in-law John Rider and the latter's brother Raymond T. Rider. John Rider testified that he heard the driver of the Oldsmobile ask who was driving the Buick and the defendant replied: "My name is Shea. I live down the street here." Raymond T. Rider testified that defendant said to the driver of the Oldsmobile: "My name is Paul Shea," and that he lived on Peace street.

We have carefully read defendant's requests to charge and we find his exception to the refusal of the court to charge as requested to be without merit. The first request referred to the necessity of proving the charge against defendant beyond a reasonable doubt. This requirement was fully set out in at least two places in the charge as given, and the necessity of proving by such degree of proof every necessary element of the charge as laid against him was stressed by the trial justice.

The second request was an excerpt from the case of *State* v. *Smith,* 29 R. I. 513. The trial justice is not required to charge the jury by quoting from the language of this court in another case, but may charge the jury in his own language so long as such charge correctly states the applicable rule of law prevailing in this jurisdiction. From our examination we are of the opinion that the trial justice correctly stated in other language the principle of law as set forth in *State* v. *Smith, supra.* The third request was also from that case, but was not applicable to the evidence in the instant case as presented by either the state or the defendant. No matter how correct a statement of law may be, the trial justice is not required to charge the jury in the language requested where it is inapplicable on the evidence presented. This exception is overruled.

The next group of exceptions is to rulings of the court relating to certain telephone conversations with persons in the defendant's home, from which information was obtained that defendant had left the state. Assuming that certain of such rulings constituted error, we are of the opinion that they were not prejudicial to defendant since other independent evidence clearly showed that, notwithstanding diligent efforts by the police to interview him, they were unable to locate him until he came to the central police station accompanied by his attorney which was more than two months after the accident. These exceptions are overruled.

The last exception is to the refusal of the trial justice to allow defendant to reopen his case and to present rebuttal testimony. Prior to making such motion, defendant had rested his case and the trial justice had told the jury that on the following day they would listen to the arguments of counsel and the charge of the court. When the request to reopen was made before the beginning of the arguments counsel failed to state the nature of the rebuttal testimony sought to be presented and no offer of proof was made by him.

A motion to reopen a case is addressed to the discretion of the court and its action thereon will not be disturbed by this court except in the case of an abuse of discretion. *Kwasniewski* v. *New York, N. H. & H. R. R.*, 53 R. I. 144. In that case the evidence sought to be introduced was made known to the trial court. In such circumstances this court was in a position to review the point raised by the exception, because it had before it some indication of the proposed evidence and therefore could determine whether the ruling of the trial justice constituted an abuse of discretion. The instant case presents no such situation. This exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers*, Attorney General, *Alfred E. Motta*, Special Counsel, for state.

*Nathan Perlman*, for defendant.

