May 22, 2018

Dunn's Corners Fire District : No. 2017-196-Appeal.
(WC 15-637)

v. :

Westerly Ambulance Corps et al. :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

| | | |
|---|---|---|
| Dunn's Corners Fire District | : | No. 2017-196-Appeal. |
| | | (WC 15-637) |
| v. | : | |
| | | |
| Westerly Ambulance Corps et al. | : | |

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**

> *"That's the life, being a fireman.  It sure beats the hell out of being a ballplayer.  I'd rather be a fireman."*
>
> Ted Williams[1]

Although it would be difficult to contemplate baseball without Ted Williams, few can deny the fascination of firefighting.  Yet, although we laud the courage of individual firefighters and other first responders, the administrative concerns of fire districts are not quite so heroic.  In the case before us, the Dunn's Corners Fire District (Dunn's Corners) filed a complaint seeking, *inter alia*, a declaration that it was not obligated to provide fire protection services to property formerly owned by the Bradford Dyeing Association Inc., and located at 460 Bradford Road in the village of Bradford in the town of Westerly, Rhode Island (the property).  The current owner of the property, BPF Realty, LLC (BPF), appeals from a judgment granting Dunn's Corners' motion for summary judgment.  We directed the parties to appear before the Supreme Court and

---

[1] Ted Williams was a professional baseball player, playing his entire nineteen-year major-league career with the Boston Red Sox.  He is generally regarded as one of the greatest hitters in baseball history.  He is the most recent player to hit over .400 in a season, hitting .406 in 1941.  Although his skills as a firefighter are much less reported, it is known that during the Korean War his plane burst into flames during a thirty-five-plane raid, led by future astronaut and United States Senator John Glenn, in North Korea on February 16, 1953.  The quote is a comment Williams made to a wire-service reporter, as told by Mike Vaccaro in the book *1941: The Greatest Year in Sports*, published by Doubleday in 2007.

show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Procedural History

On June 29, 2010, Bradford Dyeing Association transferred the property, which is also known as the Bradford Industrial Park, to BPF by quitclaim deed. Historically, fire protection services to the village of Bradford have been provided by the Bradford Fire District. Since 2013, however, the Bradford Fire District has contracted with Dunn's Corners to assume its firefighting responsibilities. Also named as a defendant in this case is Westerly Ambulance Corps (Westerly Ambulance), which provides a dispatching service to a number of fire districts in Washington County, including Dunn's Corners.[2]

Westerly Ambulance and Dunn's Corners are parties to a contract that requires Westerly Ambulance to render dispatching services for Dunn's Corners. Their agreement provides that Westerly Ambulance will dispatch Dunn's Corners to sites and locations situated within the Bradford Fire District.

Apparently in response to a number of false fire alarms emanating from the property, Dunn's Corners advised BPF that the property was not technically located within the geographical confines of either Dunn's Corners or the Bradford Fire District. According to BPF,

---

[2] We pause to note that fire districts are a cherished, if not problematic, vestige of Rhode Island history. Tracing their origins largely to thriving mill villages, there were 42 fire districts in the state, ranging in size from 0.1 to 58 square miles as of 2004 and servicing populations from approximately 180 to 30,000 people. Of the 42 districts, only 33 actually fight fires. *See* Department of Revenue, Division of Municipal Finance, *Report on the Rhode Island Fire Districts Based on Annual Fire District Survey 2013* (released March 2014).

Dunn's Corners also submitted invoices for past services rendered and deactivated the local alarm systems on the property. Notwithstanding Dunn's Corners' protestations, however, Westerly Ambulance continued to dispatch Dunn's Corners in response to fire alarms at the property. Of further note, by correspondence dated May 21, 2014, BPF asked to join the Bradford Fire District; however, its request was denied by the fire district at a meeting on June 19, 2014.

In December 2015, Dunn's Corners filed a complaint against Westerly Ambulance, BPF, and Bradford Industrial Park. Count 1 sought to enjoin Westerly Ambulance from dispatching Dunn's Corners in response to calls at the property. Count 2 asked for a declaratory judgment with respect to the obligations of the parties to the contract between Westerly Ambulance and Dunn's Corners. Count 3 sought a declaration that Dunn's Corners is not obligated to provide services to the property. Counts 4, 5, and 6 each sought the payment of $20,000 from BPF and the Bradford Industrial Park, premised on various equitable and legal theories. On February 17, 2017, Dunn's Corners filed a motion for summary judgment as to count 3, arguing that the property was not located within either Dunn's Corners or the Bradford Fire District and that it had no obligation to provide the property with fire protection services.

A hearing on Dunn's Corners' motion for summary judgment was held on April 17, 2017. The thrust of BPF's objections to the motion was that declaratory relief was inappropriate because the Bradford Fire District had not been made a party to the case and that BPF was not sure whether the property was in the Bradford Fire District because "the Bradford Fire District has been putting out fires there for 70 years * * *." The hearing justice, however, granted the motion for summary judgment, relying primarily on: (1) an affidavit of the moderator of the Bradford Fire District stating that the property "is not now, nor has it ever been, contained within

- 3 -

the boundaries or jurisdiction of The Bradford Fire District"; and (2) a special legislative enactment by the General Assembly amending the charter of the Bradford Fire District, entitled "An Act to Adjust and Designate the Jurisdictional Boundaries of Westerly Fire District, Dunns Corners Fire District, and Bradford Fire District[,]" which specifically excepted from a metes and bounds description of the Bradford Fire District "all those parcels of land designated and described as presently belonging to the Bradford Dyeing Association, Inc." Rhode Island Acts and Resolves 57-66, 65 (1980). Shortly thereafter, an order entered granting Dunn's Corners' motion for summary judgment on count 3 of its complaint, declaring that Dunn's Corners "shall have no obligation to render any services, fire fighting, rescue or otherwise to [the property] based on the fact that the subject property lies outside of the Bradford Fire District." A judgment entered, and BPF appealed to this Court.

On appeal, BPF raises two arguments in its prebriefing statement submitted pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure, without further elucidation: (1) "[w]hether the Superior Court had subject matter jurisdiction over [count 3], where the declaratory judgment neither terminated all controversies nor bound all entities having an interest in the dispute"; and (2) "[w]hether there is a genuine issue of material fact that the BPF property is in the Bradford Fire District."

**II**

**Standard of Review**

"A challenge to subject-matter jurisdiction questions the very power of the court to hear the case." *In re New England Gas Co.*, 842 A.2d 545, 553 (R.I. 2004) (quoting *Pine v. Clark*, 636 A.2d 1319, 1321 (R.I. 1994)). "Subject-matter jurisdiction 'may not be waived by any party and may be raised at any time in the proceedings.'" *Retirement Board of Employees' Retirement*

*System of Providence v. Corrente*, 111 A.3d 301, 305 (R.I. 2015) (quoting *In re New England Gas Co.*, 842 A.2d at 553). "We review *de novo* whether a court has subject-matter jurisdiction over a particular controversy." *Id.* (quoting *Sidell v. Sidell*, 18 A.3d 499, 504 (R.I. 2011)).

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Daniels*, 64 A.3d at 304). Furthermore, "the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Daniels*, 64 A.3d at 304). "[S]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id.* (quoting *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I. 2007)).

### III

### Discussion

At the outset, we note that it is clear beyond peradventure that the Superior Court has subject-matter jurisdiction over actions seeking declaratory relief. "The Superior Court of Rhode Island is a trial court of general jurisdiction. It is granted subject-matter jurisdiction over all cases unless that jurisdiction has been conferred by statute upon another tribunal." *Chase v. Bouchard*, 671 A.2d 794, 796 (R.I. 1996). Specifically, the Superior Court has been granted, "except as otherwise provided by law, * * * exclusive original jurisdiction of suits and

proceedings of an equitable character * * *." General Laws 1956 § 8-2-13.[3] The appropriate question, therefore, is whether it was error for the court to assert its jurisdiction in the absence of an indispensable party. Section 9-30-11 of the Uniform Declaratory Judgments Act provides, in part: "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." We have held "that this provision is mandatory and that failure to join all persons who have an interest that would be affected by the declaration ordinarily is fatal to an action." *Thompson v. Town Council of Westerly*, 487 A.2d 498, 499 (R.I. 1985).

At the summary-judgment hearing in Superior Court, BPF argued that a declaratory judgment should not be issued because the Bradford Fire District was not a party to the action. At oral argument before this Court, however, BPF maintained that the Town of Westerly was the indispensable party. As this latter contention was not presented to the hearing justice, it has been waived. *See State v. Feliciano*, 901 A.2d 631, 646 (R.I. 2006). With respect to BPF's argument concerning Dunn's Corners' failure to join the Bradford Fire District in this case, we are of the opinion that it lacks merit. Dunn's Corners has a contractual obligation to assume all of the Bradford Fire District's responsibilities to provide fire protection services. Certainly, Dunn's

---

[3]

> "The word 'jurisdiction' (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action upon the subject-matter * * *. To have jurisdiction is to have power to inquire into the fact, to apply the law, and to declare the punishment, in a regular course of judicial proceeding. * * * Jurisdiction in courts is the power and authority to declare the law. The very word in its origin imports as much. It is derived from *juris* and *dico*—I speak by the law—and that sentence ought to be inscribed in living light on every tribunal of criminal power. It is the right of administering justice through the laws by the means which the law has provided for that purpose." *Sardonis v. Sardonis*, 106 R.I. 469, 471, 261 A.2d 22, 23 (1970) (internal citations omitted) (quoting *State v. Smith*, 29 R.I. 513, 521-22, 72 A. 710, 714 (1909)).

Corners was the appropriate party to seek clarification of its contractual responsibilities through declaratory relief.

Moreover, BPF has failed to advance a meaningful appellate argument in this regard. In its statement of the case filed pursuant to Rule 12A, BPF simply states that the "declaratory judgment neither terminated all controversies nor bound all entities having an interest in the dispute." We have consistently held that "[s]imply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue." *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.) (quoting *Giammarco v. Giammarco*, 151 A.3d 1220, 1222 (R.I. 2017)).

With respect to BPF's second argument on appeal—that there remains a genuine issue of material fact as to whether the property is located within the Bradford Fire District—it appears as though it conceded at oral argument that the property is not currently situated within any fire district. Even if BPF were not willing to make such a concession, it is difficult to conceive of a more difficult obstacle to overcome than a special legislative act by the General Assembly stating that the property is specifically excluded from the Bradford Fire District. *See* R.I. Acts and Resolves 65 (1980). Moreover, the hearing justice had before him an unrebutted affidavit of the moderator of the Bradford Fire District avowing not only that the property had never been a part of the fire district, but also that BPF had affirmatively requested to become a part of the fire district and had been rejected. Accordingly, we are satisfied that the hearing justice did not err and that summary judgment was sagaciously granted. Any relief to BPF would more appropriately be achieved through legislation or negotiation.

**IV**

**Conclusion**

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Dunn's Corners Fire District v. Westerly Ambulance Corps et al. |
| **Case Number** | No. 2017-196-Appeal.<br>(WC 15-637) |
| **Date Opinion Filed** | May 22, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Bennett R. Gallo |
| **Attorney(s) on Appeal** | Plaintiff:<br><br>Brian A. Bliss, Esq.<br>Patrick L. McKinney, Esq.<br><br>For Defendants:<br><br>Michael A. Ursillo, Esq.<br>Robert Lombardo, Esq. |