December 17, 2025

**Supreme Court**

No. 2024-324-Appeal.
(KD 24-332)

Future Contracting & Estimators,     :
           LLC

           v.                        :

Maelee Allen, Alias, et al.          :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email:    opinionanalyst@courts.ri.gov,    of    any typographical  or  other  formal  errors  in  order  that corrections may be made before the opinion is published.

Future Contracting & Estimators,   :
LLC

v.   :

Maelee Allen, Alias, et al.   :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  The self-represented defendant, Maelee

Allen (defendant or Allen), appeals from a Superior Court order denying and

dismissing her District Court appeal following a bench trial.[1]  This matter came

before the Supreme Court pursuant to an order directing the parties to appear and

show cause why the issues raised in this appeal should not be summarily decided.

After examining the memoranda and arguments presented by the parties, we

---

[1] According to the notice of appeal, there are two named defendants—Maelee Allen and William Culpepper; however, only Allen paid an appeal filing fee in the Superior Court.  Accordingly, Allen is the only appellant properly before this Court for purposes of appeal.

- 1 -

conclude that cause has not been shown and proceed to decide the appeal at this time. We affirm the order of the Superior Court.

**Facts and Travel**

The plaintiff, Future Contracting & Estimators, LLC (plaintiff or Future Contracting), initiated this action in the Third Division District Court on October 25, 2023, by filing a civil book account action seeking payment of $3,100 plus statutory interest from defendant for plaintiff's "estimating services for damages" regarding defendant's property located at 8 Warren Avenue in North Providence, Rhode Island (the property). A judge of the District Court entered judgment in favor of plaintiff on April 9, 2024. The defendant filed a timely notice of appeal to the Superior Court on April 11, 2024.

The parties appeared before a justice of the Superior Court (the trial justice) for a bench trial on May 10, 2024, and June 7, 2024.[2] On July 19, 2024, the trial justice issued a bench decision in favor of plaintiff, which was memorialized in a written decision. As noted by the trial justice, plaintiff alleged that it had a contract with defendant for estimating work, and, thereafter, plaintiff sent an invoice for $3,100 for services. The trial justice recounted that in her answer to the complaint,

---

[2] Although the Superior Court docket indicates a bench trial was held on May 10, 2024, no transcript from this hearing date was provided to this Court. Therefore, our review is limited to the June 7, 2024 transcript, the trial justice's July 19, 2024 bench decision, and the trial justice's written decision. The parties also appeared before the trial justice on May 24, 2024, to discuss a scheduling issue.

defendant asserted she had never signed a contract with plaintiff for any repairs to the property and that she purportedly was told by an employee of plaintiff that she would not be charged unless a formal appraisal was needed.

In his written decision, the trial justice noted that, during the May 10, 2024 hearing, plaintiff's managing member, Ralph Catallozzi (Catallozzi), testified that plaintiff entered into a contract with defendant on June 8, 2023; however, the parties did not execute a written contract. The trial justice further recounted in his decision: "[Catallozzi] stated that the only demonstration of a 'contract' with [Allen] was the Request for Formal Appraisal letter" which defendant had signed. According to the trial justice, "Mr. Catallozzi testified that if a person settles with their insurance company based on the estimate that Future Contracting creates and if the insured wishes to use Future Contracting as their contractor for the work to be performed, the estimate fee is waived." In other words, because defendant did not retain Future Contracting to perform the restoration work, defendant was responsible for any "estimation work" provided. Thus, in accordance with the trial justice's review of the evidence, he summarized that plaintiff's estimating work included ten hours of office visits by defendant, ten hours in the field, and eight hours performing the estimation work on the computer. For these services, plaintiff "sent an invoice via certified letter five times to the [p]roperty," which, Catallozzi purportedly testified, defendant refused to accept. At the June 7, 2024 hearing, both defendant and a

co-owner of the property, William Culpepper, testified. Mr. Catallozzi also testified as a rebuttal witness.

At the conclusion of the evidence, the trial justice found that "a contract for estimation work existed between the parties * * *." The trial justice further concluded that "[p]laintiff [was] entitled to $3,100 in damages plus costs." On July 19, 2024, the Superior Court entered an order dismissing defendant's appeal from the District Court judgment.

**Analysis**

We note at the outset that, in addition to failing to produce portions of the transcripts, defendant, the moving party in this appeal, has failed to articulate any meaningful argument for our review.

This Court has "consistently held that 'simply stating an issue for appellate review, without a meaningful discussion thereof or legal briefing of the issues, does not assist the Court in focusing on the legal questions raised, and therefore constitutes a waiver of that issue.'" *Dunn's Corners Fire District v. Westerly Ambulance Corps*, 184 A.3d 230, 235 (R.I. 2018) (brackets omitted) (quoting *Giddings v. Arpin*, 160 A.3d 314, 316 (R.I. 2017) (mem.)). Before this Court, defendant has contested factual issues and conclusions drawn by the trial justice but has failed to articulate any legal error in the record before us. "[T]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the

proceedings in the trial court is risky business." *Cashman Equipment Corporation, Inc. v. Cardi Corporation, Inc.*, 335 A.3d 430, 437 (R.I. 2025) (quoting *Palange v. Palange*, 243 A.3d 783, 784 (R.I. 2021) (mem.)).

Furthermore, "Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure requires that 'promptly after filing the notice of appeal the appellant shall comply with the provisions of Rule 10(b) or (c) and shall take any other action necessary to enable the clerk to assemble and transmit the record.'" *Cashman Equipment Corporation, Inc.*, 335 A.3d at 437 (brackets omitted); *see also* Article I, Rule 11(a) of the Supreme Court Rules of Appellate Procedure. Finally, we have noted that "[w]ithout the transcripts from the trial at which the evidence and testimony were presented * * * we cannot say that the trial justice * * * erred * * *." *Cashman Equipment Corporation, Inc.*, 335 A.3d at 440.

The defendant "was responsible for 'ensuring that the record is complete and ready for transmission.'" *Cashman Equipment Corporation, Inc.*, 335 A.3d at 437-38 (brackets omitted) (quoting *Boulais v. DiPaolo*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.)). Although the defendant's appellate argument contests the facts drawn from the evidence, this approach is unavailing. Without the May 10, 2024 transcript and considering the lack of appellate argument presented by Allen, we deem the issues waived.

## Conclusion

For the reasons stated above, we affirm the order of the Superior Court. The papers may be remanded to the Superior Court.

**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**

Licht Judicial Complex

250 Benefit Street

Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Future Contracting & Estimators, LLC v. Maelee Allen, Alias, et al. |
| **Case Number** | No. 2024-324-Appeal. (KD-24-332) |
| **Date Opinion Filed** | December 17, 2025 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Kevin F. McHugh |
| **Attorney(s) on Appeal** | For Plaintiff: Seth A. Perlmutter, Esq. |
| | For Defendant: Maelee Allen, *pro se* |