## WALTER SMITH v. THE STATE.

No. 21187. Delivered October 30, 1940.

The opinion states the case.

*Crane & Glarner,* of Raymondville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from Willacy County, where a fine of $25.00 was assessed for violation of a phase of the tick eradication law.

The appellant had purchased five head of cattle from Mr. Hamilton in Cameron County and moved them in a truck to his home in Willacy County. The place of origin of the shipment was a tick infested area and the destination was within a "free" area. Under the law it is necessary for a party moving the cattle to secure a permit from an inspector of the Livestock Sanitary Commission of Texas or from an inspector from the Bureau of Animal Industry, U. S. Department of Agriculture. Either permit would authorize the movement, but appellant moved the cattle without a permit from either.

It is stated by appellant that he had purchased the cattle a few days prior to the date alleged and that the seller told

him that he would secure a permit to move them. He went for them at rather a late hour and, after loading the cattle, asked for the permit. It transpired the seller had not secured it. He took the cattle on with the intention of securing a permit later. On the way he called by a place where he thought he could secure a permit, but failed to find the inspector; consequently, he proceeded with the transportation of the cattle and unloaded them at his home. A few days thereafter an inspector came and, upon ascertaining the facts, filed complaint. Appellant then told him he would take them back to Cameron County and secure a permit to return them, but this was not accepted as fulfillment of the law.

We find from the agreed statement of facts nothing which presents any issue, or anything material to the defense. Appellant seems to have the idea that he should have been permitted to prove that the inspector had previously permitted people to move cattle and granted permits later. In keeping with this, also, he did prove that he had been in the cattle business all of his life and that he had moved a great many cattle from and to other counties without permit, securing the same later. The acts and conduct, either of an individual in the past or of law enforcement officers, will not supersede the requirements of the law. What he had done in the past, or what the inspectors had permitted somebody else to do can have no force as against the acts of the legislature. This disposes of the greater portion of the contentions made on appeal.

Appellant further presents that he cannot be charged with a violation of the law because Hamilton had promised to get a permit for him; that he had them loaded and that it was late and that he was suffering from the flu when he learned that the permit had not been secured. It is admitted, however, that he learned this fact and that he did not have a permit when he began transporting the cattle from the purchase place to Willacy County. He says that because he did not know that he didn't have a permit that he was ignorant of the facts and is not shown to have had any intention of violating the law. To this we cannot agree. A great many cases are cited and discussed in appellant's brief which lay down proper principles of law, but they can have no application in this case for the reason appellant was charged with moving the cattle without a permit and this it is admitted he did. He is not charged with negligence in getting a permit, but was convicted of a failure to get it. No circumstances were indicated and very likely could not be which forced appellant to transport the cattle after he

found he did not have a permit. It appears that he was negligent in loading them without first having it; that the violation of the law began thereafter and at the time when he knew he didn't have it.

There is no question of "guilty knowledge," or lack of it. It is not a case as contended, "where the citizen simply did the best he could under the circumstances without intending in any way to violate the law," because he was not compelled to take the cattle and did so with full knowledge that the law required him to have a permit. To say that the permit could be obtained later in satisfaction of the law is contradicting the plain language of the statute and destroys the purpose of the enactment. After the cattle had been moved, the damage was done and securing of a permit would be a foolish requirement. Such practice cannot be condoned by the courts as a substantial compliance with the law, but, to the contrary, should be condemned as an evasion which renders it purposeless.

Another ground upon which this court is asked to reverse the case is that set out in the motion for new trial and denominated newly discovered evidence. None of this comes within the rule. No diligence was shown upon the part of appellant in securing the evidence, and none of it, so far as we can tell, would have any value on any proper defensive issue.

Complaint is also made that the court permitted an inspector testifying to say in response to appellant's question as to why he had not prosecuted appellant in Cameron County that he laid the facts before the county attorney of that county and that the county attorney had said that there was no case against Hamilton. We see no point in this evidence and it should not have been admitted. At the same time we are unable to agree that it was helpful to the state or harmful to appellant. It certainly did not prejudice the case, as the jury gave him the lowest fine it was authorized to assess.

Complaint is also made of the court's charge in the case, much of which is taken up with a discourse on law not applicable to the case before the court, but it does appear that there is a paragraph fairly applying the law to the facts of the case. This being a misdemeanor, it was the duty of the appellant to submit special charges to the county court correcting the errors complained of. He did submit two charges, one asking that appellant be acquitted unless they found that the "defendant had guilty knowledge of a violation of the law or lack of ordinary care."

Another requested charge was to the effect that if the jury should find that Hamilton agreed to get the permit to move the cattle and defendant relied upon such. agreement, then he would not violate the law in moving such cattle. The discussion heretofore given eliminates further necessity for a consideration of these two charges and there is nothing in them attempting to correct any error which the court made in his main charge. We, therefore, have nothing presented for our consideration relative to it.

The principal question in this appeal and which has given the court some concern is that which complains of the manner of the charge laid in the complaint and information in the following language. After alleging the transportation of the cattle, the complaint says: "* * *, without a written permit or certificate of an inspector of the Livestock Sanitary Commission of Texas or of an inspector of the Bureau of Animal Industry, United States Department of Agriculture. * * *."

It is the contention that the use of the disjunctive conjunction "or" renders it fatally defective. The question was timely raised and decided by the trial court contrary to the defense.

We have come to the conclusion that the use of the conjunction "or" is the proper one. Securing a permit either from the State or Federal authorities, as alleged, would have satisfied the requirements of the law. It is not necessary to get both. The subject is properly treated in Branch's Annotated Penal Code, page 258, Sec. 503, from which we quote the following: "The use of the word 'or' is proper where the doing of either thing would excuse the defendant, and where he is not required to do both. Byrd v. State, 162 S. W. 360."

The case of Byrd v. State, cited by Mr. Branch, contains a thorough discussion of the subject and many of the authorities thereon. It has frequently been referred to, followed in some and distinguished in other cases, so that it may be said to definitely and clearly state the rule that if the gist of the offense is the failure to do something which it was the defendant's duty to do, the allegation should follow the statute and use the word "or" instead of "and." The instant case gives a very clear illustration of the application. The law would have been satisfied had appellant secured a permit either from the state or the federal authorities. If the charge as laid had used the word "and," it would have been incorrect in that it would have required him to have secured a permit from both. The effect of the allegation in the language stated is to charge that he did not

have a permit either from the state or from federal authorities. This was in keeping with the law. Appellant's exception was properly overruled.

The judgment of the trial court is affirmed.