STATE v. ENNIS JONES.

(Filed 21 September, 1955.)

**1. Appeal and Error § 401—**

The Supreme Court will not pass upon a constitutional question unless it affirmatively appears that the question was raised and passed upon in the court below.

**2. Same—**

The Supreme Court will not pass upon constitutional questions, even when properly presented, if there appears some other ground upon which the case may be decided.

**3. Indictments § 9—**

Ordinarily an indictment should not charge the offense in the alternative, but this rule does not apply when the charges are synonymous and one term is used only to explain or illustrate the other, or the statute commands the performance of a positive duty and the use of the disjunctive does not result in uncertainty.

**4. Health § 5—**

An indictment charging that defendant did unlawfully and willfully "build or install" a septic tank and cover same without first having the inspection and approval of the county board of health, and did unlawfully "build or install" a septic tank without first obtaining a permit from the health officer, in violation of ordinance, *is held* not subject to quashal on the ground of duplicity.

**5. Indictment § 11—**

An indictment is sufficient if it expresses the charge against the defendant in a plain, intelligible, and explicit manner and contains sufficient matter to enable the court to proceed to judgment. G.S. 15-153.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.

APPEAL by the State from *Bone, J.,* May Term, 1955, of PAMLICO.

Criminal prosecution in which the bill of indictment contains two counts. The first count charges that the defendant on 23 February, 1955, "did unlawfully and wilfully build or install a septic tank and nitrification or tile bed for said septic tank and did cover the same without first having them inspected and approved by the Pamlico County Health Department, in violation of rules, regulations, of the Pamlico Board of Health duly adopted July 17, 1951," etc. The second count charges that the defendant on 23 February, 1955, "did unlawfully, with force and arms, at and in the County aforesaid build or install a septic tank and nitrification or tile bed for said septic tank without first obtaining a permit from the Health Officer or his duly authorized representative, in violation of the aforesaid ordinance," etc.

Upon the call of the case for trial, the defendant, through his counsel, moved to quash the bill of indictment and that the case be dismissed for that the same does not charge a crime.

The pertinent parts of the judgment entered below read as follows: "The defendant, in support of his motion to quash, contended that the aforesaid ordinance was unconstitutional and therefore void. In addition to the aforesaid ground for quashing the Bill of Indictment, it is observed by the court that the offense is alleged in the alternative, for that the Bill charges that the defendant did 'build or install a septic tank and nitrification or tile bed for said septic tank' and that the second count also charged the offense in the alternative in that it contains the language, 'build or install a septic tank and nitrification or tile bed for said septic tank.'

"After hearing the argument of the solicitor and counsel for defendant, and after considering the matter, the court is of the opinion that the motion to quash the Bill of Indictment should be allowed, and thereupon, it is ORDERED THAT THE INDICTMENT BE QUASHED.

"Let the defendant be discharged."

The State appeals, assigning error.

*Attorney-General Rodman, Assistant Attorney-General Love, and Harvey W. Marcus, Member of Staff, for the State, appellant.*

*Robert G. Bowers for defendant, appellee.*

DENNY, J.   From an examination of the record in this cause we are unable to ascertain whether the court sustained the motion to quash on the ground that the ordinance of the Board of Health of Pamlico County is unconstitutional, or upon the ground that the offense charged in the respective counts in the bill of indictment is alleged in the alternative. Therefore, in conformity with the well established rule of appellate courts, we will not pass upon a constitutional question unless it affirmatively appears that such question was raised and passed upon in the court below. *In re Parker,* 209 N.C. 693, 184 S.E. 532. Moreover, appellate courts will not pass upon constitutional questions, even when properly presented, if there be also present some other ground upon which the case may be decided. *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22; *Reed v. Madison County,* 213 N.C. 145, 195 S.E. 620; *S. v. Ellis,* 210 N.C. 166, 185 S.E. 663; *In re Parker, supra.*

Therefore, the question for determination on this appeal is simply this: Should the bill of indictment, charging that the defendant did unlawfully and wilfully build or install a septic tank and nitrification or tile bed for said septic tank, without procuring a permit and having the tank inspected as required by law, be quashed on the ground that

the offense charged is alleged in the alternative? "The general rule is well settled that an indictment or information must not charge a party disjunctively or alternatively in such manner as to leave it uncertain what is relied on as the accusation against him. . . . As a general rule, where a statute specifies several means or ways in which an offense may be committed in the alternative, it is bad pleading to allege such means or ways in the alternative. But where terms laid in the alternative are synonymous, the indictment is good; and where a statute in defining an offense, uses the word 'or' in the sense of 'to-wit,' that is, in explanation of what precedes, making it signify the same thing, the indictment may follow the words of the statute. An indictment is not vitiated by an alternative statement in matter which may be rejected as surplusage." 31 C.J., Indictments and Informations, section 181, page 663, *et seq.*

In *S. v. Van Doran,* 109 N.C. 864, 14 S.E. 32, this Court held that the use of the words "practice or attempt to practice" did not vitiate the indictment, and that the use of "or" is "only fatal when the use of it renders the statement of the offense uncertain, and not so when one term is used only as explaining or illustrating the other . . ." *S. v. Ratliff,* 170 N.C. 707, 86 S.E. 997; *S. v. Loesch,* 237 N.C. 611, 75 S.E. 2d 654.

Webster defines the word "build" as meaning "to erect or construct, as a dwelling place; hence, to form by uniting materials into a regular structure." He also defines the word "install" as meaning "to set up or fix, as a lighting system, for use or service."

The ordinance creating the offense charged in the instant case states that it shall be unlawful to "build or install a septic tank under the provisions thereof without first obtaining a permit from the Health Officer or his duly authorized agent." It also prohibits the covering up of said septic tank until the same shall have been inspected and approved by the Pamlico County Health Department.

In our opinion, any distinction that may be drawn between the words "build" and "install" constitute a mere play on words and is not determinative of the question before us. Therefore, we hold that in the sense in which they were used in the ordinance, the violation of which is alleged in the bill of indictment, the words are synonymous. But, on the other hand, if they were construed otherwise, we cannot see how their use in the alternative could possibly prejudice the defendant or leave him in doubt as to the offense charged. This is bound to be so, since the offense charged is not made to depend on whether the defendant built the septic tank piece by piece, or bought it and set it into place and then built his nitrification or tile bed for it. The gist of the offense charged in the respective counts of the bill of indictment is the failure of the defendant to get a permit to build or install the septic

tank and the nitrification or tile bed, and his failure, upon completion thereof and before covering them up, to have the same inspected and approved by the Health Department of Pamlico County.

In the case of *S. v. Schriber,* 185 Ore. 615, 205 P. 2d 149, the Supreme Court of Oregon, in considering a statute in which the identical legal question that is now before us was raised, said: "The statute in question differs from prohibitory ones, in that it commands that certain things shall be done and provides a penalty for the nonperformance thereof. Consequently, a complaint brought thereunder must charge a defendant with inaction where action is commanded. The reason that the use of the word 'or' is inadmissible in complaints charging a defendant with the violation of prohibitory statutes is because it tends to leave the averment uncertain as to which of two or more things charged is meant. . . . Therefore certainty is the prime requisite. But in a complaint charging the violation of a statute in which action is commanded the use of the conjunctive word 'and' instead of the disjunctive 'or' would not make the allegation more certain." A similar conclusion was reached in the cases of *S. v. Smith,* 29 R.I. 513, 72 A. 710, and *Smith v. State,* 140 Tex. Cr. 217, 144 S.W. 2d 281.

All that we require in a bill of indictment is for it to be sufficient in form and to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment. G.S. 15-153; *S. v. Loesch, supra,* and cited cases.

We hold that the bill of indictment is not bad for duplicity, and that the motion to quash should have been overruled.

The judgment of the court below is

Reversed.

WINBORNE and HIGGINS, JJ., took no part in the consideration or decision of this case.