STATE v. OTIS RAYMOND BLACKWELL.

(Filed 25 September, 1957.)

**1. Indictment and Warrant § 6½—**

A warrant of arrest of a defendant on a charge of crime may be issued only by an officer authorized by law to do so.

**2. Statutes § 16—**

An act purporting to amend a section of an act is a nullity when the section sought to be amended has been expressly repealed by an intervening statute.

**3. Indictment and Warrant § 6½—**

Chapter 703, Session Laws of 1949, purporting to authorize police sergeants of the City of High Point to issue warrants of arrest is an act amending Chapter 359, section 27(5), Public Laws of 1909, which section was expressly repealed by Chapter 569, section 33, Public Laws of 1913, and therefore the act of 1949 is a nullity and cannot authorize the issuance of a warrant of arrest by a police sergeant of this City.

**4. Appeal and Error § 1: Criminal Law § 139—**

The constitutionality of a statute will not be considered and determined by the Supreme Court as a hypothetical question, but constitutional questions will be decided only when properly presented, and even then will not be determined if there is also present some other ground upon which the case may be disposed of.

**5. Same—**

The question for decision on appeal is whether the ruling of the court below is correct and not whether the reason given by the lower court for its judgment is sound or tenable, and therefore where judgment quashing the warrant is correct, the judgment will be affirmed, and wrong or insufficient or superfluous reasons assigned by the lower court for its decision will be treated as surplusage.

APPEAL by the State of North Carolina from *Rousseau, J.,* at 21 January, 1957, Criminal Term of GUILFORD (High Point Division).

The defendant was charged in a warrant with reckless driving (G.S. 20-140), and was tried in the Municipal Court of the City of High Point. From a verdict of guilty and prison sentence imposed, he appealed to the Superior Court. Before pleading to the merits of the case, the defendant moved both in the Municipal Court and in the Superior Court to quash the warrant, on the ground that Chapter 703, Session Laws of 1949, under which the warrant was issued by a police sergeant of the City of High Point, is unconstitutional. The motion was overruled in the Municipal Court but was granted in the Superior Court. From judgment entered quashing the warrant and adjudging the statute unconstitutional, the State of North Carolina appeals.

*Attorney-General Patton and Assistant Attorney General Love for the State.*

*Harriss H. Jarrell and Sim A. DeLapp for defendant, appellee.*

JOHNSON, J.   It is elemental that a warrant of arrest may be issued only by an officer authorized by law to do so. *S. v. McGowan,* 243 N.C. 431, 90 S.E. 2d 703; 22 C.J.S., Criminal Law, Sec. 318, p. 470.

The power to issue warrants is conferred generally upon certain designated judicial officers and other persons by G.S. 15-18. Other judicial officers are authorized to issue warrants by G.S. 7-198. The foregoing statutes do not confer upon police sergeants the power to issue warrants.

In the case at hand the State contends that the police sergeant who issued the warrant was specifically authorized to do so by C. 703, S.L. 1949. This act is an amendatory act purporting to amend the charter of the City of High Point (C. 395, P.L. 1909) so as to authorize police sergeants to issue warrants returnable before the Recorder's Court of the City of High Point. Our examination of the pertinent statutes discloses that the amendatory act of 1949 does not confer such authority upon police sergeants. These are the relevant facts: By the terms of C. 395, P.L. 1909, a new charter was granted the City of High Point. Section 27, subsection 5, of this act, created a Recorder's Court. However, the section of the act of 1909 which created the Recorder's Court was expressly repealed by C. 569, s. 33, P.L. 1913. And the present Municipal Court of the City of High Point was established by this repealing act. The act of 1913 which established the present court does not purport to confer on police sergeants power to issue warrants of arrest. It thus appears that the amendatory act of 1949, on which the State relies as authority for the issuance of warrants by police sergeants, purportedly amends a statute which had been repealed. Thus the amendatory act of 1949 is a nullity. This is so for the reason that where, as here, an entire independent section of a statute is wiped out of existence by repeal, there is nothing to amend. It is as though the

statute, or section, had never been enacted. *Lampkin v. Pike,* 115 Ga. 827, 42 S.E. 213; *Pindell v. State,* 196 Ind. 175, 147 N.E. 711; *Tiger Creek Bus Line v. Tiger Creek Transp. Ass'n.,* 187 Tenn. 654, 216 S.W. 2d 348.

Since the act of 1949 was ineffectual and failed to confer on the desk sergeant authority to issue warrants, the warrant on which the defendant was arrested and tried is a nullity, and we so hold. Consequently, the constitutional question discussed in the briefs and debated upon the argument is not presented for decision. The constitutionality of a statute will not be considered and determined by the Court as a hypothetical question. *S. v. Muse,* 219 N.C. 226, 13 S.E. 2d 229. Nor will the Court anticipate a question of constitutional law before the necessity of deciding it arises. *S. v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198. Moreover, a constitutional question will not be passed on even when properly presented if there is also present some other ground upon which the case may be decided. *S. v. Jones,* 242 N.C. 563, 89 S.E. 2d 129; *S. v. Lueders,* 214 N.C. 558, 200 S.E. 22.

The ruling of the court below in allowing the motion to quash will be upheld. The court reached the right decision. The reason assigned by the court, namely, that the act of 1949 was unconstitutional, will be treated as surplusage. The rule is that a correct decision of a lower court will not be disturbed because a wrong or insufficient or superfluous reason is assigned. *Temple v. Temple, ante,* 334, 98 S.E. 2d 314. The question for review and decision in this Court is whether the ruling of the court below was correct, and not whether the reason given therefor is sound or tenable. *Hayes v. Wilmington,* 243 N.C. 525, 539, 91 S.E. 2d 673, 684.

Modified and affirmed.