IN THE MATTER OF: PHILLIP BYERS

No. 42

(Filed 6 June 1978)

**Infants § 18— juvenile delinquency proceeding —insufficiency of evidence**

In a proceeding to have respondent declared a juvenile delinquent, the trial court erred in denying respondent's motion to dismiss where there was no evidence before the court to show that respondent was one of the perpetrators of the alleged crimes since the victim of the assault and robbery could not identify respondent as one of his assailants; the trial judge sustained respondent's objection to the introduction of written statements obtained by police officers from three other co-respondents; and the unsworn testimony of one co-respondent elicited by the trial judge under circumstances which denied respondent his rights of confrontation and cross-examination was not competent evidence.

APPEAL by respondent from judgment entered on 11 May 1977 by *Lampley, Judge,* in District Court, UNION County.

This proceeding was initiated by the filing of a petition in the District Court Division, Union County, by Sergeant Frank Benton of the Monroe Police Department seeking to have respondent, who was then less than 16 years old, declared a juvenile delinquent. After conducting a hearing and overruling respondent's motion to dismiss, Judge Lampley ordered that respondent be placed in the custody of the Department of Human Resources for an indefinite period of time but not to extend beyond his eighteenth birthday.

Respondent appealed and before the Court of Appeals contended that Judge Lampley erred by denying his motion to dismiss and that the juvenile hearing provisions of G.S. 7A-285 were unconstitutional in that they do not permit a trial *de novo* before a law trained judge as required in *North v. Russell,* 427 U.S. 328, 49 L.Ed. 2d 534, 96 S.Ct. 2709 (1976). In affirming Judge Lampley's judgment, the Court of Appeals ruled that there was sufficient evidence to withstand respondent's motion to dismiss and that the requirements set forth in *North v. Russell, supra,* were not applicable to juvenile proceedings.

Respondent appealed to this Court pursuant to the provisions of G.S. 7A-30(1).

*Rufus L. Edmisten, Attorney General, by William Woodward Webb, Assistant Attorney General, for the State.*

*Humphries and McCollum, by Joe P. McCollum, Jr., for respondent appellant.*

PER CURIAM.

In the Court of Appeals, respondent assigned as error the denial of his motion to dismiss for lack of evidence. He did not raise that issue before this Court and ordinarily this assignment of error would be deemed to be abandoned. However, in reviewing a decision of the Court of Appeals, it is our duty to determine the correctness of that decision and in the exercise of our supervisory powers we may pass upon any relevant issue, even when that issue is not properly presented. *See, State v. Williams,* 274

N.C. 328, 163 S.E. 2d 353 (1968). We elect to consider respondent's motion to dismiss.

A motion to dismiss has essentially the same legal effect as a motion for judgment as of nonsuit. Such motion is properly denied when there is substantial evidence of each element of the crime with which an accused is charged and like evidence that the accused was the perpetrator or one of the perpetrators of that crime. *State v. Goines*, 273 N.C. 509, 160 S.E. 2d 469 (1968). Similarly, a motion to dismiss a petition seeking to declare a juvenile a delinquent is properly denied when there is substantial evidence that the juvenile respondent committed a criminal offense or violated a condition of a probationary judgment. *See*, G.S. 7A-278(2).

In instant proceeding, the victim, James Smith, testified that he had been assaulted and robbed. He could not identify the persons who committed these crimes. The trial judge sustained respondent's objection to the introduction of written statements obtained by police officers from three other co-respondents.

Counsel for respondent then made his motion to dismiss. At this point, there was obviously no evidence to identify respondent as one of the perpetrators of the charged offenses. After hearing conflicting recommendations from a juvenile counselor and a social worker as to the suitability of respondent's home, Judge Lampley turned to Donald Duncan, one of the co-respondents before him, and inquired if respondent Byers participated in the robbery and assault of James Smith. Duncan replied in the affirmative. The record does not disclose that Donald Duncan had been sworn as a witness. After he had elicited this statement from Donald Duncan, Judge Lampley denied respondent's motion to dismiss and entered judgment.

Donald Duncan's statements were elicited by the court, and, therefore, respondent was entitled to an automatic objection and exception. *See*, 1 Stansbury's North Carolina Evidence, Sections 27, 37 (Brandis Rev. 1973). Further, it is well established that before a witness can testify he must swear or affirm to tell the truth. 1 Stansbury's North Carolina Evidence, Section 23 (Brandis Rev. 1973). We note that the juvenile hearing provisions of G.S. 7A-285 (Cum. Supp. 1977) specifically provide:

> . . . In the adjudication part of the hearing, the judge shall find the facts and protect the rights of the child and his parents in order to assure due process of law, including . . . *the right to confront and cross-examine witnesses.* . . . [Emphasis ours.]

Moreover, in addressing the constitutional rights to be accorded a juvenile defendant in a proceeding similar to that in instant case, the United States Supreme Court has specifically held:

> . . . (A)bsent a valid confession, a determination of delinquency and an order of commitment to a state institution cannot be sustained in the absence of *sworn testimony subjected to cross-examination* in accordance with our law and constitutional requirements. [Emphasis ours.]

*In re Gault*, 387 U.S. 1, 57, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967).

The unsworn testimony of the co-respondent Donald Duncan, elicited by Judge Lampley under circumstances which denied respondent his rights of confrontation and cross-examination, was not competent evidence. Therefore, there was no evidence at all before the court to show that respondent was one of the perpetrators of the alleged crimes. The trial court should have allowed respondent's motion to dismiss.

Ordinarily, we do not pass upon a constitutional question when a case can be decided upon other grounds. *See. e.g., Iredell County v. Crawford*, 262 N.C. 720, 138 S.E. 2d 539 (1964); *State v. Blackwell*, 246 N.C. 642, 99 S.E. 2d 867 (1957); *State v. Jones*, 242 N.C. 563, 89 S.E. 2d 129 (1955). In view of our holding that Judge Lampley erred by failing to grant respondent's motion to dismiss, we deem it inappropriate to consider the constitutional issue presented by resondent's appeal.

This cause is remanded to the Court of Appeals with direction that it be remanded to the District Court of Union County for entry of judgment in accordance with this opinion.

Reversed and remanded.