STATE OF NORTH CAROLINA v. KENNETH RAY HYLEMAN

No. 209A88

(Filed 8 June 1989)

1. Searches and Seizures § 26— search warrant—insufficient affidavit—exclusion of seized evidence

An officer's affidavit was insufficient under N.C.G.S. § 15A-244(3) to establish probable cause for a search warrant, and the trial court erred in denying defendant's motion to suppress evidence seized from defendant's residence pursuant to a search under the warrant, where the affidavit stated that the officer purchased cocaine using bills with specified serial numbers and that, based on information received during the purchase and after the purchase from confidential informants, he had reason to believe that the money and other controlled substances were at defendant's residence, but the affiant failed to state what information he received from the informants during and after the purchase of cocaine, and the affidavit failed to disclose any facts that would lead the affiant or the magistrate reasonably to believe that the identified currency and contraband were at defendant's residence. N.C.G.S. § 15A-947(2) (1988).

**2. Criminal Law § 84; Searches and Seizures § 4— exclusionary rule—federal constitutional grounds—good faith exception**

　　The good faith exception to the exclusionary rule arises only upon the exclusion of evidence based upon federal constitutional grounds.

**3. Criminal Law § 89.4— denial of prior statement—testimony of substance of statement improper impeachment**

　　It was improper for the State to impeach a witness who denied making a prior statement to an officer that he had bought cocaine from defendant by the use of the officer's testimony relating the substance of that prior statement.

　　Justice WEBB dissenting.

　　Justices MEYER and MITCHELL join in this dissenting opinion.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 89 N.C. App. 424, 366 S.E. 2d 530 (1988), which found no error in the trial and convictions of defendant before *Ferrell, J.*, at the 23 February 1987 session of Superior Court, GASTON County. Heard in the Supreme Court 14 September 1988.

*Lacy H. Thornburg, Attorney General, by G. Patrick Murphy, Assistant Attorney General, for the state.*

*Gray and Hodnett, by James C. Gray, for the defendant-appellant.*

MARTIN, Justice.

Defendant was tried on three counts of trafficking cocaine by possessing, delivering, and selling, and on one count of possession of drug paraphernalia. We hold that defendant is entitled to a new trial because the trial judge erred in denying defendant's motion to suppress.

The state's evidence showed that on 25 July 1986, Detective William Durst of the Gaston County Police Department participated in a cocaine sale organized by a confidential informant. At approximately 7:00 p.m., the informant and Detective Durst met with Gene Orendorff and Jeff Manning. Durst delivered $1,650 in previously photocopied currency to Orendorff and Manning. Durst was to make a final payment in the same amount upon receipt of two ounces of cocaine.

Police surveillance units observed Orendorff and Manning driving into a trailer park from which they departed with a third

State v. Hyleman

man, Kenneth Wood, at approximately 8:15 p.m. Police then lost track of the three until they were again spotted at 10:25 p.m. At approximately 10:50 p.m. the three men returned to the site of their earlier meeting with Durst and delivered the cocaine to him. At completion of the deal, Durst signaled nearby officers and the three men were arrested.

Later that night, Kenneth Wood identified defendant from a photographic lineup as the person from whom he had acquired the cocaine. Based on this information and on similar statements made by Orendorff to another officer, Detective Durst prepared an affidavit for a warrant to search defendant's residence. The magistrate found probable cause to issue the search warrant based upon the warrant application. The resulting search yielded drug paraphernalia and two hundred and fifty dollars, of which thirty-six bills matched previously-made photocopies.

Defendant was convicted of the sale of cocaine, for which he received a sentence of ten years, and of possession of drug paraphernalia, for which he received a twelve-month sentence. The Court of Appeals found no error in defendant's trial.

[1] Defendant first assigns error to the denial of his motion to suppress evidence. Defendant argues that the affidavit for the search warrant under which the evidence was seized fails to establish probable cause. The affidavit prepared by Detective Durst for the search warrant application reads as follows:

THE APPLICANT (W.C. DURST) IS A DETECTIVE WITH THE GAS-TON COUNTY POLICE DEPARTMENT, ASSIGNED TO THE SPECIAL INVESTIGATION UNIT (SIU). THE APPLICANT HAS BEEN A POLICE OFFICER FOR 14 YEARS, 5 YEARS OF WHICH, ASSIGN TO CONDUCT DRUG INVESTIGATIONS.

THE APPLICANT STATES THAT ON JULY THE 25th, 1986 THAT HE PURCHASED TWO OUNCES OF COCAINE, WHICH IS INCLUDED IN SCHEDULE II OF THE N.C. CONTROLLED SUBSTANCES ACT. THAT THE TWO OUNCES OF COCAINE WERE DELIVERED TO THE APPLICANT BY THREE PERSONS (GENE ORENDORFF, JR., JEFF MANNING, KENNY WOODS) WHO ARRESTED AT THE TIME OF DELIVER. THAT THE THREE PERSONS WERE ARRESTED FOR TRAFFICKING IN COCAINE AND CONSPIRACY TO TRAFFICK IN CO-CAINE.

THE APPLICANT STATES, FURTHER, THAT HE PAID $1650.00 IN U.S. CURRENCY FOR THE ABOVE COCAINE. THE BILLS AND SERIAL NUMBERS USED IN THE PURCHASE WERE AS FOLLOWS: . . . .

THE APPLICANT STATES, FURTHER, THAT DURING THE TIME SPENT ON THE PURCHASE, FROM ABOUT 7:15pm 07-25-86 until 10:50pm 07-25-86 THAT DET. DURST AND THE SUSPECTS WERE KEPT UNDER SURVEILLANCE BY OTHER MEMBERS OF THE GASTON COUNTY POLICE DEPT. S.I.U. AND THE N.C. S.B.I.

THE APPLICANT STATES, THAT FROM THE MOVEMENT OF THE SUSPECTS DURING, AND BEFORE THE PURCHASE, AND INFORMATION RECEIVED DURING THE PURCHASE, AND INFORMATION FROM TWO CONFIDENTIAL SOURCES OF INFORMATION AFTER THE PURCHASE THAT THE APPLICANT HAS REASON TO BELIEVE THAT THE U.S. CURRENCY LISTED ABOVE TO PURCHASE THE TWO OUNCES OF COCAINE, AND OTHER CONTROLLED SUBSTANCES ARE AT THIS TIME LOCATED IN THE ABOVE DESCRIBED LOCATION AND REQUEST RESPECTFULLY THAT A SEARCH WARRANT BE ISSUED.

The validity of this warrant is governed by N.C.G.S. § 15A-244(3):

Allegations of fact supporting the statement. The statements must be supported by one or more affidavits particularly setting forth the facts and circumstances establishing probable cause to believe that the items are in the places or in the possession of the individuals to be searched; . . .

This Court has held that probable cause cannot be shown by conclusory affidavits stating only the belief of the affiant or an informer that probable cause exists to issue the warrant. *State v. Campbell*, 282 N.C. 125, 191 S.E. 2d 752 (1972). Recital of some of the circumstances underlying this belief is essential. *Id.* When hearsay information is a part of the foundation of the affiant's belief, such information must be sufficiently detailed in order to form a substantial basis for the magistrate's finding of probable cause. *State v. Arrington*, 311 N.C. 633, 319 S.E. 2d 254 (1984). Furthermore, the affidavit must implicate the premises to be searched. *Campbell*, 282 N.C. 125, 191 S.E. 2d 752.

Here, the application for a search warrant fails to comply with the statute in several respects. The affiant fails to state

what information he received from the informants during and after the purchase of cocaine. The affidavit fails to disclose any facts that would lead Durst or a magistrate to reasonably believe that the identified currency and contraband were at the defendant's residence. The inadequacies of the affidavit resulted in the magistrate being confronted with an insufficient, "bare bones" application for a search warrant. Under the totality of circumstances analysis, the affidavit did not comply with N.C.G.S. § 15A-244(3).

The failure of the affidavit to comply with N.C.G.S. § 15A-244(3) constituted a substantial violation. Manifestly, the evidence was seized as a result of the inadequate affidavit upon which the warrant was issued. *See State v. Hunter*, 305 N.C. 106, 286 S.E. 2d 535 (1982). The interest of a defendant to be free from unlawful searches and seizures is, of course, a fundamental constitutional and statutory right in North Carolina. The "bare bones" conclusory affidavit was totally inadequate to support a finding of probable cause under the totality of circumstances analysis. Additionally, there was evidence of willfulness on the part of the affiant demonstrated by the statement in the affidavit that the suspects were under surveillance by the officers from 7:15 p.m. to 10:50 p.m. The evidence disclosed that the suspects disappeared from the view of the officers from 8:15 p.m. to 10:25 p.m. and that the affiant was aware of this break in the surveillance. The exclusion of illegally seized evidence is the greatest deterrent to similar violations in the future. *See State v. Carter*, 322 N.C. 709, 370 S.E. 2d 553 (1988). The trial court erred in denying defendant's motion to suppress the evidence seized in the search. Defendant is therefore entitled to a new trial. N.C.G.S. § 15A-974(2) (1988).

[2] Having decided upon statutory grounds that defendant's motion to suppress should have been allowed, this Court will not decide the same issue on constitutional grounds. *State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985); *State v. Blackwell*, 246 N.C. 642, 99 S.E. 2d 867 (1957); *State v. Jones*, 242 N.C. 563, 89 S.E. 2d 129 (1955). It follows that the good faith exception to the exclusionary rule is not applicable. The good faith exception to the exclusionary rule arises upon the exclusion of evidence based upon federal constitutional grounds. *See, e.g., United States v. Leon*, 468 U.S. 897, 82 L.Ed. 2d 677 (1984); *State v. Welch*, 316 N.C. 578,

342 S.E. 2d 789 (1986). The Court of Appeals erred in relying upon the federal "good faith" exception doctrine.

**[3]** We discuss the defendant's second assignment of error because the question it raises may recur at a new trial. This issue involves the state's use of Detective Durst's testimony to impeach the testimony of the state's witness Kenneth Wood. Wood denied making a statement to Detective Durst identifying defendant as the person from whom he obtained the cocaine. The state thereafter recalled Durst, who testified that Wood said he had bought the cocaine from defendant.

This Court recently analyzed this issue in *State v. Hunt*, 324 N.C. 343, 378 S.E. 2d 754 (1989), holding that it is improper to impeach a witness who has denied making a prior statement by the use of testimony relating the substance of that prior statement.

The decision of the Court of Appeals is reversed and the case is remanded to that court for further remand to the Superior Court, Gaston County, for proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice WEBB dissenting.

I dissent. Conceding for purposes of argument that the search warrant does not comply with N.C.G.S. § 15A-244(3) I do not believe that N.C.G.S. § 15A-974(2) requires that evidence seized during the search should be suppressed. N.C.G.S. § 15A-974 provides in part:

Upon timely motion, evidence must be suppressed if:

. . . .

(2) It is obtained as a result of a substantial violation of the provisions of this Chapter. In determining whether a violation is substantial, the court must consider all the circumstances, including:

(a) The importance of the particular interest violated;

(b) The extent of the deviation from lawful conduct;

(c) The extent to which the violation was willful;

State v. Hyleman

(d) The extent to which exclusion will tend to deter future violations of this Chapter.

Considering the matters which the statute says we must consider I do not believe the violation was substantial.

Certainly the right to be free from an unlawful search is an important interest. The deviation from lawful conduct, however, was slight. Mr. Durst applied for a search warrant but, according to the majority, he did not comply with all the requirements in the language he used. I would hold this is not a major deviation from lawful conduct. There is no showing at all that the deviation was willful and the exclusion of this evidence will not tend to deter future violations of the chapter. There is no evidence Mr. Durst did not make a good faith effort to prepare a proper affidavit for a search warrant. That is all we can expect from officers in the future. Considering these statutory factors I believe we should hold the violation was not substantial and evidence seized during the search should be admissible.

I realize that in *State v. Carter*, 322 N.C. 709, 370 S.E. 2d 553 (1988) we held that there is not a good faith exception under our state Constitution which allows the admission of evidence seized in contravention to our Constitution. This might prevent the admission of the evidence although it should not have been excluded pursuant to N.C.G.S. § 15A-974(2). Suffice it to say I joined in the dissent in *Carter* and I believe *Carter* should be overruled.

I vote to affirm the Court of Appeals.

Justices MEYER and MITCHELL join in this dissenting opinion.