STATE OF NORTH CAROLINA v. MICHAEL LANE McHONE

No. COA02-1009

(Filed 20 May 2003)

**1. Search and Seizure— search 24 hours after arrest—not incident to arrest**

A search of defendant 24 hours after his arrest was not contemporaneous with the arrest and was thus not incident to the arrest. The permissibility of a warrantless search while defendant was in custody was not raised at the suppression hearing and was not addressed on appeal.

**2. Search and Seizure— affidavit supporting warrant—insufficient**

The trial court correctly concluded that the affidavit supporting a search warrant was insufficient, and did not err by granting defendant's motion to suppress, where the affidavit referred to a lengthy interview of defendant but did not contain the substance of the interview, and concluded that probable cause existed but did not relate particular facts supporting that belief.

**3. Search and Seizure— suppression—court's evaluation of circumstances—no findings**

The trial court did not err when suppressing a search under N.C.G.S. § 15A-974(2) by not making findings of fact about its evaluation of the circumstances. That statute does not require a court to make findings with respect to its evaluation of the circumstances and the order granting the motion to suppress indicated that the court took all circumstances into account. The State presented no evidence to the contrary.

**4. Search and Seizure— exclusionary rule—good faith exception—not applicable**

    The "good faith" exception to the exclusionary rule was not applicable where a search was suppressed under North Carolina statutes rather than on federal constitutional grounds.

Appeal by the State from an order entered 5 April 2002 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 13 March 2003.

    *Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.*

    *Assistant Appellate Defender Constance E. Widenhouse, for defendant-appellee.*

STEELMAN, Judge.

Defendant was indicted for first-degree murder of Tammy Cush on 11 December 2000, and for armed robbery on 22 October 2001. On 15 November 2001, defendant was arrested at approximately 2:25 p.m. and placed in the Cabarrus County jail.

On 16 November 2001 at 3:10 p.m., a Cabarrus County magistrate granted Concord Police Department Detective Robert A. Ledwell's application for a search warrant for defendant's person, specifically to collect blood, hair and saliva samples. The search warrant was executed on the same day while defendant was in custody at the Cabarrus County jail. Evidence seized pursuant to this warrant included blood and hair samples and a thread obtained by combing defendant's pubic hairs.

Defendant filed a motion to suppress evidence obtained by the search warrant, contending the affidavit supporting the application for the warrant did not contain sufficient facts to establish probable cause. After hearing oral arguments from the State and defendant, the trial court granted defendant's motion to suppress. The trial court's order, citing *State v. Hyleman*, 324 N.C. 506, 379 S.E.2d 830 (1989), was based upon a violation of N.C. Gen. Stat. § 15A-244 (2001) and not upon constitutional grounds. The State appeals prior to a judgment pursuant to N.C. Gen. Stat. § 15A-979(c) (2001).

I.

**[1]** The State first contends the trial court erred in suppressing the thread evidence obtained by combing defendant's pubic hair because

STATE v. McHONE

[158 N.C. App. 117 (2003)]

no search warrant is required for a search while defendant is in custody of the State. The State's argument is limited to the thread evidence because the State was able to obtain additional blood and hair samples from defendant under a subsequent search warrant.

Generally, "to preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling the party desired the court to make[,] . . .[and must have] obtain[ed] a ruling upon the party's request, objection or motion." N.C. R. App. P. 10(b) (2003). This Court will not consider arguments on appeal which were not presented to or adjudicated by the trial court. *State v. Washington*, 134 N.C. App. 479, 518 S.E.2d 14 (1999); *see also State v. Smarr*, 146 N.C. App. 44, 551 S.E.2d 881 (2001) (finding that a party may not assert on appeal a new theory regarding suppression of evidence which was not first asserted at trial), *disc. review denied*, 355 N.C. 291, 561 S.E.2d 500 (2002).

At the suppression hearing, the State made the following argument to the trial court regarding defendant's motion to suppress the thread evidence:

> I would argue search incident to arrest. I do believe it requires an extension of current law. I've spoken with someone down at the Institute of Government and was cited a case, . . . *State versus Steen* [, 352 N.C. 227, 536 S.E.2d 1 (2000), *cert. denied*, 531 U.S. 1167, 148 L. Ed. 2d 997 (2001)], but that was six hours. . . . This is longer, like the next day.

"For a search and seizure incident to a lawful arrest to be constitutionally permissible, it must be 'substantially contemporaneous with the arrest.' " *State v. Jackson*, 280 N.C. 122, 126, 185 S.E.2d 202, 205 (1971) (citations omitted). Although our Supreme Court has found warrantless searches up to six or seven hours after an arrest may meet the contemporaneousness requirement of a search incident to arrest, *e.g. Steen, supra; State v. Hopkins*, 296 N.C. 673, 252 S.E.2d 755 (1979), a search conducted 24 hours after an arrest, as in the instant case, is not contemporaneous with the arrest. The warrantless search was not proper under the theory of search incident to arrest.

The State did not argue at the hearing that the search was proper based on the fact that defendant was in the custody of the State at the time it was conducted, nor did it point to the portion of our Supreme Court's decision in *Steen* standing for this proposition. The trial court

did not make any ruling regarding this contention or the applicability of *Steen* either at the hearing or in its order granting the motion to suppress. The State first asserted its contention that the search was proper because defendant was in the State's custody on appeal to this Court.

Because the State failed to properly preserve for review on appeal the question of the permissibility of a warrantless search while defendant is in the State's custody, we decline to address this assignment of error.

II.

[2] The State next argues the trial court erred in granting defendant's motion to suppress for insufficiency of the affidavit supporting the search warrant. Our review of a ruling on a motion to suppress is limited to whether the trial court's findings are supported by competent evidence and whether those findings support its ultimate conclusions. *State v. Pulliam*, 139 N.C. App. 437, 533 S.E.2d 280 (2000).

A valid search warrant application must contain "[a]llegations of fact supporting the statement. The statements must be supported by one or more affidavits *particularly setting forth the facts and circumstances establishing probable cause* to believe that the items are in the places or in the possession of the individuals to be searched." N.C. Gen. Stat. § 15A-244(2) (2001) (emphasis added). Although the affidavit is not required to contain all evidentiary details, it should contain those facts material and essential to the case to support the finding of probable cause. *State v. Flowers*, 12 N.C. App. 487, 183 S.E.2d 820, *cert. denied*, 279 N.C. 728, 184 S.E.2d 885 (1971). This Court has held that affidavits containing only conclusory statements of the affiant's belief that probable cause exists are insufficient to establish probable cause for a search warrant. *Hyleman, supra; State v. Campbell*, 282 N.C. 125, 191 S.E.2d 752 (1972). The clear purpose of these requirements for affidavits supporting search warrants is to allow a magistrate or other judicial official to make an independent determination as to whether probable cause exists for the issuance of the warrant under N.C. Gen. Stat. § 15A-245(b) (2001). N.C. Gen. Stat. § 15A-245(a) requires that a judicial official may consider only information contained in the affidavit, unless such information appears in the record or upon the face of the warrant.

Here, the affidavit accompanying the search warrant application provided in pertinent part as follows:

**STATE v. McHONE**

[158 N.C. App. 117 (2003)]

On Wednesday, November 15, 2000, Michael Lane Mchone, arrived at the Cabarrus County Sheriff's Department stating that he had information regarding the murder of Tammy Cush. Investigators with the Concord Police Department were contacted, and Mchone was brought to the Police Department and interviewed. *Following a lengthy interview, it was determined that Probable Cause existed which indicated that Mchone was responsible for the murder of Tammy Cush.* Mchone was later placed under arrest and placed in the Cabarrus County Jail under no bond.

During the processing of the crime scene, several blood samples were collected, to wit (2) from the kitchen tile floor, and (1) from the carpet where it appears [] the body of Cush had rested. Also, several hair samples were noted, and different items that were collected which is [sic] suspected to be the hair samples of the known victim, Tammy Cush, also these items appeared to have hair of a different color contained within. During the autopsy of the victim[']s body at the Medical Examiner[']s Office in Chapel Hill, North Carolina, there were hair samples taken from her left and right hands. It was also noted that the victim had several combative wounds on her left and right hand[s]. A Rape kit was performed by the Medical Examiner[']s Office to indicated possible sexual contact between the offender and the victim. . . .

The applicant respectfully request[s] the issuance of this process, in order to obtain hair (pubic and head), saliva, and blood samples to compare with evidence collected at the crime scene, and on Cush's body, to be compared with Mchone's at the State Bureau of Investigation for DNA comparison.

(emphasis added).

In its order, the trial court found this affidavit to be "woefully insufficient to establish probable cause." It further found that the affidavit contained

nothing more than a conclusion on the part of the affiant, and gave the magistrate nothing upon which to conclude, in her independent judgment and analysis, that probable cause existed. The affidavit merely states . . . that the police believe that the defendant is guilty of murder, without saying why they hold this opinion as required by law. . . .

Based on these findings, the trial court concluded that the affidavit did not contain sufficient facts and circumstances to establish probable cause under the standard in N.C. Gen. Stat. § 15A-244 and granted the motion to suppress.

The application here contains no information regarding the substance of the "lengthy interview" of defendant conducted by the Concord Police Department. The affidavit's mere conclusion that probable cause exists is unsupported by particular facts as to the basis for the belief that defendant committed first-degree murder and, therefore, does not comply with our statutory standard in N.C. Gen. Stat. § 15A-244(2). Thus, we find sufficient competent evidence to support the trial court's findings which, in turn, support its conclusion that the affidavit did not contain sufficient information to establish probable cause. We hold the trial court did not err in granting the motion to suppress for insufficiency of the affidavit.

III.

[3] The State argues the trial court erred by failing to conduct any analysis under N.C. Gen. Stat. § 15A-974(2) (2002) since it relied on this statute, rather than constitutional provisions, in granting defendant's motion to suppress. N.C. Gen. Stat. § 15A-974(2) provides that "evidence must be suppressed if . . . [i]t is obtained as a result of a substantial violation of [N.C. Gen. Stat. Chapter 15A]. In determining whether a violation is substantial, the court must consider all the circumstances. . . ." This provision does not require the trial court to make findings of fact with respect to its evaluation of the circumstances leading to the conclusion that the violation was substantial.

The order granting the motion to suppress indicates the trial court took all circumstances into account in making its ruling, as N.C. Gen. Stat. § 15A-974 requires, and the State has presented no evidence to the contrary. Moreover, a search warrant application supported only by a conclusory affidavit constitutes a substantial violation of N.C. Gen. Stat. § 15A-244 according to the standard in N.C. Gen. Stat. § 15A-974(2). *Hyleman, supra; State v. Hunter,* 305 N.C. 106, 286 S.E.2d 535 (1982). Because the trial court found a substantial violation of N.C. Gen. Stat. Chapter 15A after considering all the circumstances, it properly suppressed the evidence as required by N.C. Gen. Stat. § 15A-974(2). This assignment of error is without merit.

IV.

[4] Finally, the State contends the trial court erred in failing to deny defendant's motion to suppress on the grounds of a "good faith"

exception for the seizure of evidence pursuant to a search warrant. A "good faith" exception to the exclusionary rule applies where evidence is suppressed based upon federal constitutional grounds. *United States v. Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, *reh'g denied*, 468 U.S. 1250, 82 L. Ed. 2d 942 (1984); *State v. Welch*, 316 N.C. 578, 342 S.E.2d 789 (1986). However, our State Supreme Court has declined to extend this exception to cases based upon the North Carolina Constitution, *State v. Carter*, 322 N.C. 709, 370 S.E.2d 553 (1988), or to cases involving violations of N.C. Gen. Stat. Chapter 15A, *Hyleman, supra*. Since the trial court's ruling was based solely upon a violation of N.C. Gen. Stat. Chapter 15A, the "good faith" exception is not applicable in the instant case, and this assignment of error is without merit.

AFFIRMED.

Judges McGEE and HUDSON concur.