STATE OF NORTH CAROLINA
v.
SALAHEDDINE NOUAIM
No. COA05-591
North Carolina Court of Appeals
Filed February 7, 2006
This case not for publication
Wake County No. 03 CRS 080277.
Attorney General Roy Cooper, by Special Deputy Attorney General Sharon Patrick-Wilson, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Katherine Jane Allen, for defendant-appellant.
TYSON, Judge.
Salaheddine Nouaim ("defendant") appeals from the trial court's denial of defendant's motion to suppress his wife's, Leah Nouaim ("Leah"), out-of-court statement. We affirm.

I. Background
On 20 September 2003 Leah's cousin called 911 to report an assault on Leah by defendant. Cary Police Officer Jerry Burgin ("Officer Burgin") responded to the scene. Officer Burgin testified that upon his arrival, Leah was sitting inside a vehicle outside a mobile home with her four children. When Officer Burgin approached Leah, he noticed she was "nervous," and she was "peering around the parking lot looking as if someone had been chasing her." Officer Burgin observed signs of injury around Leah's neck.
Officer Burgin asked Leah to tell him what had happened. Leah explained that she was at defendant's home to pick up their children for the weekend. While she was waiting for the children, Leah and defendant began arguing about whether defendant possessed marijuana in his house. A second argument occurred when Leah told defendant the children were not appropriately dressed to leave the house. A final argument broke out over Leah's and defendant's relationship.
Officer Burgin testified that Leah stated that when she attempted to leave, defendant took her car keys away from her. As Leah attempted to call 911, defendant grabbed her around her neck and twisted her arm behind her back. Leah immediately elbowed defendant in the groin to escape. She and her children rushed to her car. Leah sent her cousin to call 911.
The State presented evidence that these incidents occurred while a domestic violence order for defendant was in place. Officer Burgin testified that Leah told him the incidents occurred during the course of one hour. Defendant's roommate also testified the incidents took place over the course of one hour.
Defendant presented evidence that the incidents occurred during the course of fifteen minutes.
Defendant was found guilty in district court of violating a domestic violence protective order. He gave notice of appeal to the superior court on 24 February 2004. Defendant moved to suppress Officer Burgin's testimony. The court denied defendant's motion to suppress and held Leah's statements were non-testimonial and an excited utterance. The trial court sentenced defendant to a thirty day suspended sentence, twelve months unsupervised probation and ordered him to abide by the existing 50(b) domestic violence protective order. Defendant appeals.

II. Issue
Defendant argues the trial court erred when it denied defendant's motion to suppress Officer Burgin's testimony of statements taken from Leah immediately after the assault prompting the 911 call.

III. Standard of review
"Our review of a ruling on a motion to suppress is limited to whether the trial court's findings are supported by competent evidence and whether those findings support its ultimate conclusions." State v. McHone, 158 N.C. App. 117, 120, 580 S.E.2d 80, 83 (2003).

IV. Testimonial statements
Defendant argues that pursuant to Crawford v. Washington, Leah's statements to Officer Burgin were testimonial and inadmissible as a violation of his Sixth Amendment right of confrontation. 541 U.S. 36, 158 L. Ed. 2d 177 (2004). We disagree.
The Sixth Amendment guarantees "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Sixth Amendment applies to the states through the Fourteenth Amendment. State v. Lewis, 360 N.C. 1, 8, 619 S.E.2d 830, 835 (2005). The North Carolina Constitution provides, "[i]n all criminal prosecutions, every person charged with [a] crime has the right to . . . confront the accusers and witnesses with other testimony." N.C. Const. art. I, § 23.
In Crawford v. Washington, the United States Supreme Court stated, "[t]estimonial statements of witnesses absent from trial are admitted only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." 541 U.S. at 59, 158 L. Ed. 2d at 197. This Court stated in State v. Forrest, "[u]nder Crawford, a Sixth Amendment Confrontation Clause analysis is whether a particular statement is testimonial or non-testimonial in nature, and not whether the statements offered into evidence fall into a well-rooted hearsay exception, such as the 'excited utterance' exception." 164 N.C. App. 272, 278, 596 S.E.2d 22, 26 (2004), aff'd, 359 N.C. 424, 611 S.E.2d 833 (2005).
If the statement is non-testimonial in nature, the Confrontation Clause is not implicated. Crawford, 541 at 59, 158 L. Ed. 2d at 197. "[T]he statement's admissibility is merely a matter of applying evidentiary rules regarding hearsay and various hearsay exceptions." Forrest, 164 N.C. App. at 278, 596 S.E.2d at 26 (citation and internal quotations omitted). If the statement is testimonial in nature, and the declarant is unavailable at trial and was not subject to cross-examination when the statements weremade, defendant's Sixth Amendment right to confrontation would be violated if the out-of-court statement was admitted into evidence.
Whether a statement is testimonial in nature depends upon a number of factors. Our Supreme Court has stated:
[t]estimonial evidence refers to evidence produced by witnesses against a criminal defendant. Such witnesses, who bear testimony, are the subject of the Sixth Amendment. The United States Supreme Court determined in Crawford that at a minimum the term testimonial applies to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations.

Lewis, 360 N.C. at 15, 619 S.E.2d at 839 (citations and internal quotations omitted).
The Crawford Court stated:
[w]e use the term 'interrogation' in its colloquial, rather than any technical legal, sense. Just as various definitions of 'testimonial' exist, one can imagine various definitions of 'interrogation,' and we need not select among them in this case.
Crawford, 541 U.S. at 53 n.4, 158 L. Ed. 2d at 194 n.4.
Our Supreme Court has stated:
Police who respond to emergency calls for help and ask preliminary questions to ascertain whether the victim, other civilians, or the police themselves are in danger are not obtaining information for the purpose of making a case against a suspect. [Statements made as a result of these questions are] not made in anticipation of eventual prosecution, but [are] made to assist in securing the scene and apprehending the suspect. . . . [Such statements] are not testimonial because they are not, by their very nature, considered structured police questioning.
Lewis, 360 N.C. at 19, 619 S.E.2d at 842. This Court held in In re A.L., the statements of the victim elicited by the police officer were non-testimonial. __ N.C. __, __ S.E.2d __, __ (No. COA04-1452) (3 January 2006). The defendant, a juvenile, was charged with assault by pointing a gun at the victim. The police officer responded to an emergency call regarding property damage. Id. When the officer arrived, the victim was visibly upset. Id. The officer asked the victim what happened, and the victim explained that four juveniles had been throwing rocks at his window. Id. When he ordered them to stop, one of the juveniles pointed a gun at the victim. After the assault, the juveniles ran away. Five minutes had passed between the time the call was made and the time the officer arrived. Id. This Court stated:
Mr. Sanchez's statement to Officer Gomez was a part of the criminal incident, not a part of the prosecution. See Forrest at 279, 596 S.E.2d at 27 (A call to the police is non-testimonial and, therefore, statements made immediately upon arrival at the crime scene are non-testimonial. "[A] 911 call can usually be seen as part of the criminal incident itself, rather than as part of the prosecution that follows."); but compare State v. Allen, ___ N.C. App. ___, 614 S.E.2d 361 (2005) (where an officer took witnesses' statements twenty minutes after shootings  statements were held to be testimonial under Crawford v. Washington, 541 U.S. 36, 158 L. Ed. 2d 177 (2004) as they were not given during the criminal incident itself, but rather with the officer's anticipation toward trial).
Id.
Leah's statements to Officer Burgin were not testimonial. Officer Burgin testified that upon his arrival, Leah was sitting in her car with her children and "was looking around as if she waslooking for someone." She had suffered an obvious injury to her neck as a result of the assault, and she was visibly "nervous." Officer Burgin asked her generally "as to the nature of the assault and why she had called." Leah told Officer Burgin how the arguments began and how defendant grabbed her and caused an injury to her neck.
Leah's statements were not made in anticipation of trial. Officer Burgin's questions were "not made in anticipation of eventual prosecution, but [were] made to assist in securing the scene and apprehending the suspect." Lewis, 360 N.C. at 19, 619 S.E.2d at 842. This assignment of error is overruled.

V. Conclusion
Leah's statements to Officer Burgin were not testimonial and do not implicate defendant's Sixth Amendment right to confrontation. Crawford, 541 U.S. at 59, 158 L. Ed. 2d at 197. The trial court did not err in denying defendant's motion to suppress Leah's statements. The trial court's order is affirmed. Affirmed.
Judges HUDSON and GEER concur.
Report per Rule 30(e).