IN THE SUPREME COURT OF NORTH CAROLINA

No. 340A19

Filed 1 May 2020

STATEOF NORTH CAROLINA

v.

SHAWN PATRICK ELLIS

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 832 S.E.2d 750 (N.C. Ct. App. 2019), affirming a judgment entered on 13 March 2018 by Judge Karen Eady-Williams in Superior Court, Stanly County. This matter was calendared for argument in the Supreme Court on 11 March 2020 but determined on the record and briefs without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure.

*Joshua H. Stein, Attorney General, by Kimberly N. Callahan, Assistant Attorney General, for the State-appellee.*

*Glenn Gerding, Appellate Defender, by Michele A. Goldman, Assistant Appellate Defender, for defendant-appellant.*

*Irena Como; and Kirkland & Ellis LLP, by Stefan Atkinson and Joseph Myer Sanderson, for American Civil Liberties Union of North Carolina Legal Foundation, amicus curiae.*

HUDSON, Justice.

Here we must decide whether the Court of Appeals erred by affirming the trial court's denial of defendant's motion to suppress evidence. The trial court found that

there was reasonable suspicion that criminal activity was afoot to justify the law enforcement officer's stop when defendant signaled with his middle finger from the passenger side window of a moving vehicle. Because we conclude that there was no reasonable suspicion to justify the stop, we reverse the decision of the Court of Appeals and remand this case to the Court of Appeals for further remand to the trial court for further proceedings not inconsistent with our decision.

I.     Facts and Procedural Background

Around lunch time on 9 January 2017, a few days after a significant snowstorm, Trooper Paul Stevens of the North Carolina State Highway Patrol was flagged down in Stanly County by a stranded motorist who had run out of gas. Temperatures were below freezing, and Trooper Stevens stopped to help. Trooper Stevens called for an officer with the Albemarle Police Department to help him render aid to the motorist. Officer Adam Torres arrived at the scene. Both Trooper Stevens and Officer Torres had their blue lights activated while their patrol cars were positioned on the side of the road.

While assisting the stranded motorist, Trooper Stevens turned his attention to another car traveling on the roadway. Defendant, a passenger in a small white SUV, had his arm outside of the window and was making a back-and-forth waving motion with his hand. As Trooper Stevens turned to look towards the car, defendant's gesture changed from a waving motion to a pumping up-and-down motion with his middle finger. Believing that defendant was committing the crime of disorderly conduct,

Trooper Stevens got into his patrol car to pursue and stop the SUV.

Trooper Stevens pursued the vehicle for approximately half a mile with his blue lights still activated. Trooper Stevens did not observe the SUV break any traffic laws during his pursuit, and the SUV pulled over to the side of the road without incident.

When Trooper Stevens asked the driver and defendant for identification, they both initially refused. After about a minute, the driver provided her identification, but defendant still refused. Trooper Stevens took defendant to his patrol car, and eventually, defendant agreed to provide his name and date of birth. Trooper Stevens issued defendant a citation for resisting, delaying, or obstructing an officer under N.C.G.S. § 14-223.

At the trial court, defendant moved to suppress Trooper Stevens' testimony, arguing that there was no reasonable suspicion to justify the stop. The trial court orally denied the motion, finding that there was reasonable suspicion for the stop.

Defendant gave notice that he intended to appeal from the trial court's denial of his motion to suppress and then pleaded guilty to resisting, delaying, or obstructing a public officer.

At the Court of Appeals, defendant again argued that the stop was not valid because Trooper Stevens lacked reasonable suspicion that defendant was engaged in disorderly conduct. The State argued that the stop fell within the community caretaking exception to the Fourth Amendment and, therefore, that Trooper Stevens

did no need reasonable suspicion to justify the stop. The Court of Appeals unanimously decided that the community caretaking exception did not apply to the facts here. Instead, the majority at the Court of Appeals concluded there was reasonable suspicion for the stop and affirmed the trial court's denial of defendant's motion to suppress. The dissenting judge disagreed and would have concluded that the stop was not supported by reasonable suspicion.

Defendant appealed to this Court on the basis of the dissenting opinion. In its brief here, the State acknowledges that its sole argument in the Court of Appeals involved the community caretaking exception, and that the court unanimously rejected that argument.[1] In fact, the State agrees that the specific, articulable facts in the record do not establish reasonable suspicion of the crime of disorderly conduct.

Because we agree, we reverse the decision of the Court of Appeals.

## II.    Analysis

We review a trial court's denial of a motion to suppress to determine "whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *State v. Jackson*, 368 N.C. 75, 78, 772 S.E.2d 847, 849 (2015) (quoting *State v. Otto*, 366 N.C. 134, 136, 726 S.E.2d 824, 827 (2012)). However, findings of fact are only required "when there is a material conflict in the evidence." *State v. Bartlett*, 368 N.C. 309, 312, 776 S.E.2d 672, 674 (2015).

---

[1] The community caretaking exception was not the basis for the dissenting opinion and is not otherwise before this Court.

Where, as here, there is no conflict in the evidence, the trial court's findings can be inferred from its decision. *Id.* (citing *State v. Munsey*, 342 N.C. 882, 885, 467 S.E.2d 425, 427 (1996)). In these circumstances, we review de novo whether the findings inferred from the trial court's decision support the ultimate legal conclusion reached by the trial court. *State v. Nicholson*, 371 N.C. 284, 288, 813 S.E.2d 840, 843 (2018).

Refusing to identify oneself to a police officer during a *valid* stop may constitute a violation of N.C.G.S. § 14-223. *See State v. Friend*, 237 N.C. App. 490, 493, 768 S.E.2d 146, 148 (2014) ("We hold that the failure to provide information about one's identity during a lawful stop can constitute resistance, delay, or obstruction within the meaning of [N.C.G.S.] § 14-223." (citation omitted)); N.C.G.S. § 14-223 (2017). The primary issue before us is whether or not Trooper Stevens's stop was valid.

> The United States Supreme Court has long held that the Fourth Amendment permits a police officer to conduct a brief investigatory stop of an individual based on reasonable suspicion that the individual is engaged in criminal activity. The Fourth Amendment permits brief investigative stops when a law enforcement officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity. The standard takes into account the totality of the circumstances—the whole picture. Although a mere hunch does not create reasonable suspicion, the level of suspicion the standard requires is considerably less than proof of wrongdoing by a preponderance of the evidence, and obviously less than is necessary for probable cause.
>
> As this Court has explained, the stop must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training. . . . Therefore, when a criminal defendant files a motion to suppress challenging an investigatory stop, the

trial court can deny that motion only if it concludes, after considering the totality of the circumstances known to the officer, that the officer possessed reasonable suspicion to justify the challenged seizure.

*Nicholson*, 371 N.C. at 288–89, 813 S.E.2d at 843–44 (cleaned up) (citations omitted).

The trial court concluded that there was reasonable suspicion to justify the stop, and the Court of Appeals agreed. But reviewing the record before us de novo, we are unable to conclude that there were specific and articulable facts known to Trooper Stevens which would lead a reasonable officer to suspect that defendant was engaged in disorderly conduct.

"Disorderly conduct is a public disturbance intentionally caused by any person who . . . [m]akes or uses any utterance, gesture, display or abusive language which is intended and plainly likely to provoke violent retaliation and thereby cause a breach of the peace." N.C.G.S. § 14-288.4(a)(2) (2017).

The following facts can be inferred from Trooper Stevens' testimony: defendant was waving from the passenger window of an SUV and, a few seconds later, began to gesture with his middle finger; Trooper Stevens did not know whether defendant's gesture was directed at him or at another driver; and, after pursuing the vehicle for approximately half a mile, Trooper Stevens did not observe any traffic violations or other suspicious behavior.

We conclude that these facts alone are insufficient to provide reasonable suspicion that defendant was engaged in disorderly conduct. The fact that Trooper Stevens was unsure of whether defendant's gesture may have been directed at

another vehicle does not, on its own, provide reasonable suspicion that defendant intended to or was plainly likely to provoke violent retaliation from another driver. Likewise, the mere fact that defendant's gesture changed from waving to "flipping the bird" is insufficient to conclude defendant's conduct was likely to cause a breach of the peace. Based on the facts in the record, we are unable to infer that, by gesturing with his middle finger, defendant was intending to or was likely to provoke a violent reaction from another driver that would cause a breach of the peace.

Thus, we conclude that it was error for the trial court to find that there was reasonable suspicion of disorderly conduct to justify the stop.[2]

### III.    Conclusion

In conclusion, there was no reasonable suspicion of disorderly conduct to justify Trooper Stevens' stop, and it was error for the trial court to deny defendant's motion to suppress. We reverse the decision of the Court of Appeals and remand this case to the Court of Appeals for further remand to the trial court for further proceedings not inconsistent with our decision.

REVERSED AND REMANDED.

---

[2] Because we conclude that there was no reasonable suspicion for the stop, we need not address defendant's First Amendment arguments. *State v. Hyleman*, 324 N.C. 506, 510, 379 S.E.2d 830, 833 (1989) ("Having decided upon statutory grounds that defendant's motion to suppress should have been allowed, this Court will not decide the same issue on constitutional grounds.") (citing *State v. Creason,* 313 N.C. 122, 326 S.E.2d 24 (1985); *State v. Blackwell,* 246 N.C. 642, 99 S.E.2d 867 (1957); *State v. Jones,* 242 N.C. 563, 89 S.E.2d 129 (1955)).